NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-6302-11T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

CECILIO DAVILA,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **January 20, 2016**
>
> **APPELLATE DIVISION**

Argued September 17, 2015 — Decided January 20, 2016

Before Judges Fuentes, Koblitz and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment
Nos. 11-03-00394 and 11-03-00398.

James S. Friedman argued the cause for
appellant.

Garima Joshi, Deputy Attorney General,
argued the cause for respondent (John J.
Hoffman, Acting Attorney General; Teresa A.
Blair, Deputy Attorney General, of counsel
and on the brief; Teresa Sia, Volunteer
Attorney, on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Defendant entered into a negotiated guilty plea, reserving
the right to appeal a pre-trial motion relating only to a
dismissed count of the indictment.  We hold that a defendant's

appeal of a pre-trial motion relating only to a dismissed count is moot. To afford this defendant every benefit of his plea agreement, we nevertheless reach the merits of his claim that insufficient evidence was presented to the grand jury and affirm.

Defendant Cecilio Davila was charged with the first-degree crime of being a leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 (the Leader count). He was also charged in the same indictment with eight other related crimes: third-degree drug conspiracy, N.J.S.A. 2C:5-2, 2C:35-10(a), 2C:35-5(a)(1), 2C:35-5(b)(3) (count two); third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1) (count three); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count four); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count five); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count six); third-degree maintaining a fortified structure for drug distribution activity, N.J.S.A. 2C:35-4.1(c) (count seven); third-degree possession of a BB gun, N.J.S.A. 2C:39-5(b)[1] (count eight); and second-degree possession of a BB gun for an unlawful purpose, N.J.S.A. 2C:39-4.1 (count nine).

_____

[1] The indictment incorrectly refers to N.J.S.A. 2C:39-3(b), possession of a sawed-off shotgun.

Defendant was also charged in a separate indictment with the second-degree crime of certain persons not to possess weapons, N.J.S.A. 2C:39-7(a).

The grand jury heard testimony from a New Brunswick police sergeant, who testified that he was involved in an investigation prompted by reports that defendant sold heroin and cocaine. The investigation involved three separate locations and six "controlled buys." The sergeant explained that a "controlled buy" occurs when an informant is searched and given funds to purchase drugs. The police then observe the informant interacting with the suspect, after which the informant returns to the officers where the drugs are relinquished and tested. During the controlled buys, defendant involved two men in the delivery of the drugs. Through wiretapped conversations, the police discovered that drug purchasers contacted defendant and defendant directed the purchasers to one of the two men to obtain drugs. On other occasions, defendant's girlfriend drove him in her car to make drug deliveries. Pursuant to search warrants, one of which involved the search of the home of defendant's sister, the police found illicit drugs, a .177 pellet pistol, drug distribution paraphernalia, and cash. Subsequently, in a taped interview, defendant gave an

incriminating statement to the police admitting that he sells approximately 1000 to 2000 bags of heroin per week.

After unsuccessfully pursuing several pre-trial motions, including a motion to dismiss the Leader count because insufficient evidence was presented to the grand jury, defendant entered into a plea agreement with the State. In the plea form, defendant listed the pre-trial motions he had pursued.[2] At the plea hearing he reserved the right to appeal "all of the motions" that had been decided by the judge and were listed in his plea form. He pled guilty to counts four, seven and nine of the first indictment, as well as to the single "certain persons" crime charged in the second indictment. As part of the plea agreement, the other charges against defendant, including the Leader count, were dismissed, as were the charges against defendant's sister and girlfriend. Defendant received an aggregate custodial sentence of fifteen years in prison with seven-and-one-half years[3] of parole ineligibility.

---

[2] We could not fully decipher this handwritten list with any certainty, although it appears to state, verbatim: "Miranda Hearing (Suppress Statement), Motion to Dismiss Indictment severance pursuant to Bruton Application, Motion to Suppress for insufficient probable cause and improper no knock warrant Motion to Suppress as to identities of confidential informants."

[3] This number reflects the period of parole ineligibility recorded in the judgment of conviction. The judge stated on the record that he was imposing a ninety-one month period of parole

(continued)

On appeal defendant raises the following single issue:

> POINT I: THE TRIAL COURT'S FAILURE TO GRANT THE LEADER MOTION WAS REVERSIBLE ERROR.

At our direction, the parties submitted supplemental briefs on the question of whether defendant's appeal of a pre-trial issue relating only to a dismissed count is moot. The State argues that the issue is moot, while defendant argues that if we reverse the trial judge's determination regarding the pre-trial motion concerning the Leader count, he should be permitted to withdraw his guilty plea because he would have received a better plea agreement if he had not been facing the Leader count.

Defendant also argues that we should consider the issue, even if otherwise moot, because defendant was told at the time he pled guilty that he had preserved all of his pre-trial motions for appeal. Defendant maintains that he should therefore be afforded the benefit of his bargain and allowed a full appeal on the merits, rather than an appeal that results in a dismissal for mootness. See State v. Bellamy, 178 N.J. 127, 134 (2003) (citations omitted) ("A defendant has the right not to be 'misinformed' about a material element of a plea agreement, and to have his or her 'reasonable expectations'

---

(continued)
ineligibility. We assume the additional month resulted from an error in computation.

fulfilled." (first quoting State v. Nichols, 71 N.J. 358, 361 (1976); then quoting State v. Howard, 110 N.J. 113, 122 (1988))).

"When a party's rights lack concreteness from the outset or lose it by reason of developments subsequent to the filing of suit, the perceived need to test the validity of the underlying claim of right in anticipation of future situations is, by itself, no reason to continue the process." JUA Funding Corp. v. CNA Ins./Cont'l Cas. Co., 322 N.J. Super. 282, 288 (App. Div. 1999) (citing Milk Drivers & Dairy Emps. v. Cream-O-Land Dairy, 39 N.J. Super. 163, 177 (App. Div. 1956)). "[C]ourts of this state do not resolve issues that have become moot due to the passage of time or intervening events." City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999). We consider an issue moot when "the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry. Corp. v. N.J. Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)). We generally do not render advisory decisions, for "[o]rdinarily, our interest in preserving judicial resources dictates that we not attempt to resolve legal issues in the

abstract." <u>Zirger v. Gen. Accident Ins. Co.</u>, 144 <u>N.J.</u> 327, 330 (1996) (citing <u>Oxfeld v. N.J. State Bd. of Educ.</u>, 68 <u>N.J.</u> 301, 303-04 (1975) and <u>Sente v. Mayor & Mun. Council of Clifton</u>, 66 <u>N.J.</u> 204, 205 (1974)).

We now hold that if a pre-trial motion only affects a dismissed count, an appeal of that pre-trial motion presents a moot, non-justiciable question. Upon dismissal of the Leader count pursuant to the plea agreement, defendant's claim relating to that count on the basis of insufficient evidence presented to the grand jury became moot. By seeking the dismissal of a count already dismissed pursuant to a plea agreement, defendant is in essence requesting that we provide an advisory opinion. <u>See</u> <u>Decker v. Northwest Envtl. Def. Ctr.</u>, __ <u>U.S.</u> __, 133 <u>S. Ct.</u> 1326, 1335, 185 <u>L. Ed.</u> 2d 447, 459 (2013) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (quoting <u>Knox v. SEIU, Local 1000</u>, 567 <u>U.S.</u> __, 132 <u>S. Ct.</u> 2277, 2287, 183 <u>L. Ed.</u> 2d 281, 295 (2012))); <u>JUA Funding Corp.</u>, <u>supra</u>, 322 <u>N.J. Super.</u> at 288.

"Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." <u>State v. Robinson</u>, 224 <u>N.J. Super.</u> 495, 498 (App. Div. 1988). The waiver even applies to

claims of certain constitutional violations.  See State v. Knight, 183 N.J. 449, 470 (2005) ("[A] defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." (quoting State v. Crawley, 149 N.J. 310, 316 (1997))); State v. J.M., 182 N.J. 402, 410 (2005) ("[T]he failure to enter a conditional plea under Rule 3:9-3(f) generally bars appellate review of non-Fourth Amendment constitutional issues.").

As our Supreme Court explained in Knight, supra, the waiver rule has three exceptions. 183 N.J. at 471; see State v. Wakefield, 190 N.J. 397, 417 n.1 (2007) (confirming "that only three exceptions for waiver exist"), cert. denied, 552 U.S. 1146, 128 S. Ct. 1074, 169 L. Ed. 2d 817 (2008).  The first, expressly provided by Rule 3:5-7(d), permits a defendant to challenge on appeal an unlawful search and seizure of evidence after entering a guilty plea. See Knight, supra, 183 N.J. at 471.  The second, expressly authorized by Rule 3:28(g), permits an appeal after a guilty plea from an order denying entry into the pre-trial intervention program. Ibid.  Lastly, pursuant to Rule 3:9-3(f), a defendant may appeal those adverse decisions specifically reserved by a conditional guilty plea entered in accordance with the Rule.  Ibid.

Rule 3:9-3(f) requires that a defendant satisfy several requirements before a conditional guilty plea can be accepted. "[A] defendant may plead guilty while preserving an issue for appellate review <u>only with the</u> '<u>approval of the court and the consent of the prosecuting attorney</u>.'" <u>State v. Gonzalez</u>, 254 <u>N.J. Super.</u> 300, 304 (App. Div. 1992) (emphasis added) (quoting <u>R.</u> 3:9-3(f)). This reservation of "the right to appeal from the adverse determination of any specified pretrial motion" must be placed "on the record." <u>R.</u> 3:9-3(f). It must also specifically be approved by the State and by the court. In approving a defendant's preservation of issues for appellate review, the court should act as a gatekeeper to comply with the purpose of the <u>Rule</u>, by precluding agreements that preserve non-justiciable or non-dispositive issues. <u>See, e.g.</u>, Pressler & Verniero, <u>Current N.J. Court Rules</u>, comment 7 on <u>R.</u> 3:9-3(f) (2016) (stating that "[t]he primary utility of the rule" relates to pre-trial issues encompassing disputes of a dispositive nature). Here, defense counsel's casual mention of "all of the motions" is insufficient; nor does a difficult-to-read handwritten list included in the plea form satisfy the requirement of judicial approval or constitute "on the record" acknowledgment of a particular motion.

If a defendant reserves the right to appeal a motion and is successful on appeal, he or she has the right to withdraw the guilty plea and go to trial or renegotiate another plea.[4] R. 3:9-3(f); State v. Diloreto, 362 N.J. Super. 600, 616 (App. Div.), certif. denied, 178 N.J. 252 (2003), and aff'd, 180 N.J. 264 (2004). We note, however, that defendants are not entitled to a negotiated plea offer. State v. Williams, 277 N.J. Super. 40, 46 (1994) ("[A] defendant has no legal entitlement to compel a plea offer or a plea bargain; the decision whether to engage in such bargaining rests with the prosecutor."). Thus, the dismissal of a count does not ensure a "better plea offer," as argued by defendant. While its dismissal results in fewer charges pending, the State may not offer defendant a better offer, or any plea offer at all. On the other hand, the mere passage of time, a factor unrelated to defendant's success on appeal, might well place defendant in a better position to negotiate a resolution.

Here, defendant did not articulate with specificity that he wished to preserve the right to appeal his motion to dismiss the Leader count, nor did the judge approve that particular

---

[4] Of course, if the defendant chooses to withdraw the guilty plea, he or she would face all of the charges in place prior to the plea, including any charges dismissed pursuant to the plea agreement. See Howard, supra, 110 N.J. at 126.

condition of his guilty plea. Even if the record had been sufficient to preserve defendant's right to appeal the pre-trial motion relating only to a dismissed count of the indictment, we hold that the issue is moot.

We recognize that the State did not argue that the record was insufficient to preserve the motion for appeal, nor did the State argue that the issue was moot until we solicited briefing on the issue of mootness. We view the State's appellate silence on these two issues as entirely appropriate under the circumstances. For the State to allow defendant to preserve the right to appeal a motion at the trial level and then argue the issue is moot on appeal could be considered as sharp practices, tactics not rising to the level of prosecutorial standards we expect in New Jersey. See Brundage v. Estate of Carambio, 195 N.J. 575, 603-04 (2008) (recognizing that "[o]ur courts have long expressed a distaste" for sharp practices, which are practices "employed by some members of the bar that are not explicitly unethical but nonetheless tread perilously close to the line of being unacceptable"). That being said, however, the parties cannot confer jurisdiction on the court. See Sabella v. Lacey Twp., 204 N.J. Super. 55, 62 (App. Div. 1985) ("If there is no legally granted power in the court, the parties cannot confer jurisdiction pursuant to an agreement between

themselves." (quoting Manczak v. Dover, 2 N.J. Tax 529, 533 (Tax 1981))). In the interest of convincing a defendant to forego a trial, the State cannot bind us to consider an issue that is moot.

Defendant asserts that his right to appeal the trial court's denial of his motion to dismiss the Leader count was an incentive to accept the plea agreement. The State correctly points out that defendant also received other inducements in exchange for his guilty plea. Although no other pre-trial motions were pursued on appeal, he reserved the right to appeal all pre-trial motions. He had pursued a Miranda[5] motion, a motion to suppress evidence obtained after the execution of a search warrant, a motion to reveal the identities of confidential informants, and a motion regarding a potential Bruton[6] issue. Further, defendant procured the dismissal of other counts against him, as well as the dismissal of all charges against his sister and his girlfriend. While defendant

---

[5] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[6] Bruton v. United States, 391 U.S. 123, 126, 88 S. Ct. 1620, 1622, 20 L. Ed. 2d 476, 479 (1968) (holding that admission of a co-defendant's confession in a joint trial violates a defendant's right of cross-examination when there exists a substantial risk that the jury, despite contrary instructions, would look to the co-defendant's statements in determining defendant's guilt).

received benefits in addition to his right to appeal the Leader count, these additional incentives do not diminish defendant's right to receive every benefit promised.

An appeal does not guarantee any particular result — not an affirmance nor a reversal. Appeals are also dismissed for various reasons including mootness. See, e.g., R. 2:8-2 (permitting appellate courts to dismiss an appeal "at any time on its own motion" on the basis of procedural or jurisdictional grounds); State v. Alford, 99 N.J. 199, 200 (1984) (dismissing a criminal appeal as moot). We understand, however, that a lay person may reasonably assume that a right to appeal encompasses the right to have the appeal heard on the merits. We are clearly establishing mootness in this procedural posture for the first time in this decision. Here, defendant could plausibly argue in a post-conviction proceeding that he misunderstood his ability to appeal the Leader motion on its merits when he entered into the plea agreement. We will therefore consider defendant's appeal on its merits.

"[T]he New Jersey Constitution does not restrict the exercise of judicial power to actual cases and controversies." State v. McCabe, 201 N.J. 34, 44 (2010) (citing State v. Gartland, 149 N.J. 456, 464 (1997)); see N.J. Const. art. VI, § 1, ¶ 1. Occasionally, the courts will consider the merits of an

issue notwithstanding its mootness where significant issues of public import appear. <u>Joye v. Hunterdon Cent. Reg'l High Sch. Bd. of Educ.</u>, 176 <u>N.J.</u> 568, 583 (2003). Because a finding of mootness under these circumstances is an issue of first impression in New Jersey, we cannot fault the trial attorney for not advising his client that the legal challenge to the viability of the Leader count in the indictment was moot. Therefore, to prevent a potential collateral attack on defendant's conviction grounded on any claims impugning defense counsel's performance in this respect, and to afford defendant the benefit of all of the promises made to him when he entered this guilty plea, we conclude that the public interest in the finality and efficiency of litigation warrants a resolution on the merits.

The evidence presented to a grand jury need not be sufficient to convict the defendant, but must present a <u>prima facie</u> case that a crime has been committed by the defendant. <u>See</u> <u>State v. Muhammad</u>, 182 <u>N.J.</u> 551, 575 (2005) ("The State's burden of proof in returning an indictment is to present the grand jury with a <u>prima</u> <u>facie</u> case . . . ."); <u>State v. Reininger</u>, 430 <u>N.J. Super.</u> 517, 531 (2013) ("The purpose of the grand jury is to 'determine whether the State has established a prima facie case that a crime has been committed and that the

accused has committed it.'" (quoting State v. Hogan, 144 N.J. 216, 227 (1996))), certif. denied, 216 N.J. 367 (2013), cert. denied, ___ U.S. ___, 134 S. Ct. 1947, 188 L. Ed. 2d 962 (2014). A trial court "should not disturb an indictment if there is some evidence establishing each element of the crime." State v. Eckel, 429 N.J. Super. 580, 585 (Law Div. 2012) (citing Hogan, supra, 144 N.J. at 236). The trial court should view the facts "in the light most favorable to the State." State v. Saavedra, 222 N.J. 39, 56-57 (2015) (quoting State v. Morrison, 188 N.J. 2, 13, (2006)).

Thus, to sustain the Leader count, the State only needed to present some evidence that: (1) "defendant conspired with two or more persons"; (2) the purpose of the conspiracy "included a scheme or course of conduct to unlawfully manufacture, distribute, dispense, bring into, or transport in this State" a controlled dangerous substance; (3) defendant was a financier, "organizer, supervisor or manager of at least one other person"; and (4) "defendant occupied a high level position in the conspiracy." See State v. Alexander, 136 N.J. 563, 568, 570-71 (1994); Model Jury Charge (Criminal), "Leader of Narcotics Trafficking Network" (October 2000).

Here the dispute centered around whether the State presented evidence to the grand jury that supported a finding

that defendant was in a supervisory position, the third and fourth elements. The State satisfied its low burden in proving that some evidence existed establishing these elements. See Eckel, supra, 429 N.J. Super. at 585. Because evidence was presented through the police sergeant that defendant controlled the activities of other members of the drug operation, the trial court did not abuse its discretion in rejecting defendant's motion to dismiss. See Hogan, supra, 144 N.J. at 229 ("[T]he decision whether to dismiss an indictment lies within the discretion of the trial court.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6302-11T3

**GILSON, J.S.C. (temporarily assigned), concurring.**

I concur in the majority's affirmance based on the rationale that defendant's motion to dismiss count one of the indictment lacks merit.  I do not join in the holding that defendant's appeal is moot.

In accordance with Rule 3:9-3(f), defendant entered into a conditional plea of guilt preserving his right to appeal the denial of a motion to dismiss count one of the indictment, which charged him with the first degree crime of being a leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 (Leader count).  Under the plea agreement, defendant pled guilty to counts four, seven and nine and to a separate indictment of certain persons not to possess a weapon.  The Leader count, as well as the remaining counts of the indictment, were then to be dismissed at defendant's sentencing.  The prosecutor and defendant agreed to all the terms of the plea agreement and the trial court accepted the conditional plea.  Defendant was thereafter sentenced in accordance with the plea agreement and the Leader count was dismissed.  Under these facts, defendant's reserved right to appeal the denial of his motion to dismiss the Leader count is not moot.

Three related reasons demonstrate why an appeal of a preserved pretrial motion, which is then conditionally dismissed, is justiciable and not moot. First, a properly preserved right of appeal under <u>Rule</u> 3:9-3(f) renders the concept of mootness inapplicable. "An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." <u>Greenfield v. N.J. Dep't of Corr.</u>, 382 <u>N.J. Super.</u> 254, 257-58 (App. Div. 2006) (quoting <u>N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, Div. of Taxation</u>, 6 <u>N.J. Tax</u> 575, 582 (Tax 1984), <u>aff'd</u>, 204 <u>N.J. Super.</u> 630 (App. Div. 1985)). The concept of mootness has its roots in the jurisprudential principle that courts will not give advisory opinions. <u>See</u> <u>Calderon v. Moore</u>, 518 <u>U.S.</u> 149, 150, 116 <u>S. Ct.</u> 2066, 2067, 135 <u>L. Ed.</u> 2d 453, 455-56 (1996); <u>North Carolina v. Rice</u>, 404 <u>U.S.</u> 244, 246, 92 <u>S. Ct.</u> 402, 404, 30 <u>L. Ed.</u> 2d 413, 415-16 (1971); <u>State v. Harvey</u>, 176 <u>N.J.</u> 522, 528 (2003). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." <u>De Vesa v. Dorsey</u>, 134 <u>N.J.</u> 420, 428 (1993) (plurality opinion) (Pollock, J., concurring) (citing <u>Oxfeld v. N.J. State Bd. of Educ.</u>, 68 <u>N.J.</u> 301, 303 (1975)).

Here, a decision on defendant's motion to dismiss the Leader count will have a very real and practical effect on defendant's conditional guilty plea. If successful on appeal, defendant would have the right to withdraw his guilty plea. See R. 3:9-3(f); State v. Diloreto, 362 N.J. Super. 600, 616 (App. Div. 2003), aff'd, 180 N.J. 264 (2004). Count one charged defendant with the first degree crime of being a leader of a narcotics trafficking network. If convicted of that crime, defendant faced a minimum of twenty-five years in prison without eligibility of parole. See N.J.S.A. 2C:35-3. Consequently, defendant argues that because of that significant potential prison sentencing, he did not want to run the risk of going to trial on that count and, thus, his ability to negotiate a lesser sentence was restricted. Defendant also argues that if he had been successful on appeal, he could have withdrawn his guilty plea and either (1) proceeded to trial on the remaining second and third degree charges, or (2) tried to negotiate a new plea agreement. Alternatively, if unsuccessful on appeal, defendant's guilty plea would have stayed in place. Under either scenario, a ruling on defendant's appeal would have had a very practical effect because it would give defendant exactly what he bargained for — a decision on the merits of his appeal.

The majority reasons that "[u]pon dismissal of the Leader count pursuant to the plea agreement, defendant's claim relating to that count on the basis of insufficient evidence presented to the grand jury became moot." I respectfully disagree. The reservation of the right to appeal the motion is no different than the conditional plea itself. Depending on the outcome of the appeal, the plea of guilty can either be withdrawn or will stay in place. In other words, just as any conditional plea of guilty to any count is conditional, any and all related dismissals of other counts are also conditional. If a defendant is successful on appeal, he or she has the right to withdraw the guilty plea and the State has the right to reinstate all dismissed counts. The only counts that could not be reinstated are counts found defective on appeal, which is exactly what defendant sought on his appeal. In either scenario, the decision on appeal has a very concrete and practical effect; either a defendant can withdraw the guilty plea or be bound by his or her guilty plea because the preserved motion has been affirmed.

Second, holding that defendant's appeal is moot is inconsistent with Rule 3:9-3(f). The Rule does not limit what motions can be preserved. Instead, the Rule expressly states that "any" motion can be reserved for appeal: "[A] defendant may

enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion." R. 3:9-3(f). The Rule requires only two conditions: (1) consent of the prosecutor; and (2) approval of the court. Ibid.; see State v. Gonzalez, 254 N.J. Super. 300, 304 (App. Div. 1992).

In this case, both conditions were met. The prosecutor expressly consented to defendant's reservation of his right to appeal the denial of his motion to dismiss the Leader count. The trial judge then expressly accepted the conditional plea and noted that defendant was reserving his right to appeal a number of motions, including the motion to dismiss the Leader count.

In entering into a conditional guilty plea agreement, the State is not binding this court to consider a moot issue. Instead, the State and defendant are doing exactly what Rule 3:9-3(f) allows them to do; that is, reserve the right to appeal a specifically identified pretrial motion. Indeed, that is exactly what the Rule was designed to achieve. See Pressler & Verniero, Current N.J. Court Rules, comment 7 on R. 3:9-3(f) (2016) (stating "[t]he purpose of this paragraph is . . . namely to provide a technique for avoiding trial where the defendant's willingness to plead guilty is dependent solely upon the

disposition and opportunity for appellate review of separable issues determinable on a pretrial basis").

It is well-recognized that plea agreements are to be treated like contracts. See State v. Means, 191 N.J. 610, 622 (2007); State v. Conway, 416 N.J. Super. 406, 410-12 (App. Div. 2010). Accordingly, the reservation of a right to appeal a specified motion is a material condition of the plea agreement, a condition that does not become moot simply because the count related to the motion is conditionally dismissed. Indeed, if we were to take the reserved right away, then defendant should have the right to withdraw his guilty plea.

I respectfully disagree with the majority's reasoning that the State may now argue that the right to appeal is moot. The State expressly entered into a plea agreement where a material condition was the right to appeal the denial of the motion to dismiss the Leader count. That same plea agreement expressly recognized that the Leader count would be dismissed at the time of sentencing. Like the conditional plea, the dismissal of the Leader count through the plea agreement was also conditional. Having entered into that plea agreement, it is inconsistent for the State to now argue that the right to appeal is moot. Even if the State took that position only after this court's invitation to address the mootness issue, the State should have

A-6302-11T3

recognized that its prior representation to defendant and to the trial judge precluded it from taking such an inconsistent position.

Notably, this is not a case where defendant failed to identify the motion he seeks to appeal. I respectfully disagree with the majority's suggestion that the handwritten list in the plea agreement was insufficient and that the judge did not approve the condition. Both the State and defendant acknowledged on this appeal that defendant had clearly reserved the right to appeal the denial of his motion to dismiss the Leader count. The trial judge then expressly accepted the conditional plea. Indeed, if the right to appeal had not been clearly preserved, there would be no need to reach the mootness issue. See State v. Knight, 183 N.J. 449, 471 (2005) (explaining that an unconditional guilty plea waived the defendant's right to appeal).

The majority's opinion will be the first published opinion in New Jersey holding that a reserved motion to appeal under Rule 3:9-3(f) can become moot. While no published opinion in New Jersey has expressly previously addressed the mootness issue, this court has implicitly accepted the concept that such preserved motions, even when connected to a dismissed count, are not moot. See State v. Maxwell, 361 N.J. Super. 401, 402 (App.

Div.) (considered the defendant's appeal from a denial of his motion to dismiss particular counts of the indictment, including counts that were dismissed under the plea), certif. denied, 178 N.J. 34 (2003). Moreover, a federal appellate court, which applied a similar rule concerning conditional pleas, has rejected the concept that a reserved motion to appeal becomes moot. See United States v. Scott, 884 F.2d 1163, 1165 (9th Cir. 1989) (holding that a conditional guilty plea was not moot when defendant sought to appeal the denial of his motion to dismiss the indictment even after defendant pled guilty to superseding information charging an offense different from the offense contained in the indictment), cert. denied, 506 U.S. 901, 113 S. Ct. 288, 121 L. Ed. 2d 213 (1992).

Finally, the concept of mootness as applied by the majority treats defendants differently than the State. The majority correctly recognizes that if a defendant is allowed to withdraw a conditional guilty plea, the State can reinstate all charges that had been in the indictment prior to the plea, including charges dismissed pursuant to the plea agreement. See State v. Howard, 110 N.J. 113, 125-26 (1988). If the State has the right to reinstate dismissed charges after a conditional guilty plea is withdrawn, a defendant should also have the right to appeal an adverse ruling on a motion related to a conditionally

dismissed count of the indictment. Just as the State has the right to return to the position it had at the time the conditional plea was negotiated, so too should a defendant have the right to reserve the right to appeal a motion, even if that motion relates to a count that will be dismissed as part of the plea agreement. To hold otherwise is to reason that all issues related to all counts that are dismissed are moot and cannot have future practical effects no matter what happens on appeal. In fact, the opposite is true. Because the appeal has the potential of giving a defendant the right to withdraw the conditional guilty plea, the State has the right to reinstate the dismissed counts if the plea is withdrawn and a defendant has the right to have the merits of his or her appeal ruled on for all reserved motions. In both situations, the ruling on appeal has a very practical effect.

In summary, I do not believe the appeal is moot. I concur based on the substantive ruling that the trial court correctly denied defendant's motion to dismiss the Leader count.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6302-11T3