**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1162-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VINCENT SALERNO, a/k/a
VINCENT SALERNO, JR.,

     Defendant-Appellant.

_____

          Submitted October 25, 2018 – Decided December 3, 2018

          Before Judges O'Connor and Whipple.

          On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-01-0004.

          Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

          Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an October 10, 2017 judgment of conviction. Defendant pled guilty to possession of a firearm while conspiring to distribute a controlled dangerous substance (CDS), N.J.S.A. 2C:39-4.1(a), after an indictment charged him with drug, firearm and weapons possession, and conspiracy to possess and distribute drugs. We affirm for the following reasons.

On September 20, 2016, Jersey City police oversaw two controlled buys of heroin by a confidential informant from defendant's apartment. On September 22, 2016, the police obtained a search warrant for the apartment. Melissa Hoffman, with whom defendant shared a bedroom, "Brittany," a white female, "Vinny," a white male in his thirties, and "Chris," a white male in his thirties, were persons subject to the search warrant.

When police arrived at defendant's apartment building, they observed someone who fit defendant's description exit the building and engage in a hand-to-hand transaction with two men. The police arrested defendant on the street after police searched his book bag and found suspected heroin.[1] Prior to the search, a police officer asked defendant what the book bag contained, to which defendant allegedly responded "dope." Defendant moved to suppress his

---

[1] Although both defendant's brief and the State's brief refer to heroin, all defendant's indicted CDS charges are for fentanyl, an analog. The indictment makes no reference to heroin.

statement and the heroin. The trial judge suppressed defendant's statement but not the heroin, finding the search warrant authorized the book bag search.

Simultaneously, police officers executed the search warrant on defendant's apartment. Defendant did not challenge the validity of the search warrant, nor does he discuss what the police found.[2]

Although the record provided does not reliably demonstrate what the search warrant yielded, defendant was indicted for far more than what can reasonably be tied to the street encounter. Defendant was indicted for weapons offenses including: second-degree possession of a firearm while committing a drug crime, N.J.S.A. 2C:39-4.1, three counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a and b, second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5, three counts of possession of prohibited devices, N.J.S.A. 2C:39-3a and d, and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7b. Defendant was also indicted for the following drug offenses: third-degree possession of controlled dangerous

---

[2] The State alleges, based on an uncorroborated police report, that police found a handgun, miscellaneous controlled substances, drug paraphernalia and flash bang and smoke grenades in the apartment.

A-1162-17T4

substances,[3] N.J.S.A. 2C:35-10, second and third-degree possession of CDS within a school zone and a public zone, N.J.S.A. 2C:35-5 and 7, first-degree conspiracy to possess CDS with intent to distribute, N.J.S.A. 2C:5-1 and 2C:35-5b(1), and fourth-degree possession of paraphernalia with intent to distribute, N.J.S.A. 2C:36-3.

Defendant ultimately pled guilty to one count of possession of a firearm while conspiring to distribute a controlled dangerous substance, N.J.S.A. 2C:39-4.1. During his plea colloquy, defendant admitted he possessed a handgun while conspiring to distribute CDS. Neither party specified whether the charge was based on CDS found in the apartment, the heroin in defendant's backpack, or the fentanyl and anabolic steroids alleged in the indictment. He was sentenced in accordance with a plea agreement to five years in prison with a forty-two month term of parole ineligibility.

Defendant raises one point on appeal:

> Point I: THE EVIDENCE IN THIS CASE SHOULD BE SUPPRESSED BECAUSE THE POLICE LACKED A CONSTITUTIONAL BASIS TO STOP AND SEARCH MR. SALERNO.

---

[3] The CDS charges in defendant's indictment all identify the controlled substance as Furanyl Fentanyl, not heroin. It is unclear whether the parties are equating heroin and fentanyl. We also note defendant was named as an unindicted co-conspirator with co-defendants Melissa Hoffman and Christopher Salerno to distribute anabolic steroids.

Defendant argues the trial judge erred when she denied suppression of the evidence in his book bag. Even if we were to agree with defendant's assertion, defendant has provided no reason, and we fail to discern, how the handgun charge, to which he pled guilty, was exclusively connected to a conspiracy to distribute suspected heroin found in his book bag. As noted, defendant was charged with conspiring with others to distribute fentanyl and was alleged to have conspired to distribute anabolic steroids. Defendant has offered no explanation as to why these other charges and allegations were not the basis for the element of conspiracy to distribute or how the book bag search related to the indictment. The remaining charges in the indictment were dismissed after defendant pled guilty.

"[I]f a pre-trial motion only affects a dismissed count, an appeal of that pre-trial motion presents a moot, non-justiciable question." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016). Defendant presented no reason for us to conclude the book bag evidence remained relevant once defendant pled guilty to a weapons charge premised on conspiracy with others. For that reason, we affirm his judgment of conviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION