**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2045-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMAR J. MYERS, a/k/a
JAMAR MEYERS,

     Defendant-Appellant.

_____

Argued March 11, 2025 – Decided May 6, 2025

Before Judges Gilson, Firko, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 11-08-0833 and 14-02-0232.

Alison Gifford, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Tamar Y. Lerer, Deputy Public Defender, and Alison Gifford, of counsel and on the briefs).

Erin N. Rein, Assistant Prosecutor, argued the cause for respondent (Janetta D. Marbrey, Mercer County

Prosecutor, attorney; Erin N. Rein, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Jamar J. Myers appeals from a March 3, 2023 order denying his motion to withdraw his guilty plea to first-degree felony murder, N.J.S.A. 2C:11-3(a)(3). In pleading guilty, defendant admitted that he shot and killed a man while robbing a pharmacy located on Brunswick Avenue in Trenton.

When defendant pled guilty to felony murder, he also pled guilty to first-degree robbery, N.J.S.A. 2C:15-1, of a 7-Eleven store in Hamilton under a different indictment. Defendant's conviction for robbery was subsequently vacated when the New Jersey Supreme Court held that a motion to suppress physical evidence seized after the 7-Eleven robbery should have been granted. See State v. Nyema, 249 N.J. 509, 535 (2022). Thereafter, the State dismissed all charges against defendant related to the 7-Eleven robbery.

Defendant argues that because he entered conditional global pleas to both the felony murder conviction and the robbery conviction, he should be allowed to withdraw his guilty plea to felony murder. We reject that argument because the pleas were separate, and the reversal of the robbery conviction does not allow defendant to withdraw his plea to felony murder.

2

## I.

On April 29, 2011, at approximately 5:30 p.m., a person attempted to enter the Vizzoni's Pharmacy in Hamilton. The pharmacy was closed at that time, but the attempt to enter the pharmacy was captured on video footage from a surveillance camera.

Approximately twenty-five minutes later, at 5:55 p.m., there was a robbery and murder at the Brunswick Avenue Pharmacy (Brunswick Pharmacy) in Trenton. That robbery and murder were also captured on video recording from surveillance cameras inside the Brunswick Pharmacy.

The person depicted in both videos from the pharmacies was wearing a mask. Nevertheless, the individual depicted in both videos was wearing similar clothing, including boots with tops folded down like "dog ears."

Approximately a week later, on May 6, 2011, just after 11:00 p.m., an armed robbery occurred at a store in Falls Township, Pennsylvania (the Pennsylvania robbery). One hour later, just after midnight on May 7, 2011, two masked men, one of whom appeared to be holding a handgun, robbed a 7-Eleven store in Hamilton. That robbery was also captured on video footage from surveillance cameras in the 7-Eleven.

3

Defendant and two co-defendants, Ajene Drew and Peter Nyema, were arrested near the 7-Eleven when the motor vehicle they were riding in was stopped by a police officer. A check revealed that the vehicle had been stolen. Defendant and the co-defendants were arrested. The police also seized dark jackets and a handgun from the vehicle. In addition, the police seized money from defendant when he was searched incident to his arrest.

Following Drew's arrest, he gave statements to law enforcement personnel implicating defendant in the robbery at the 7-Eleven and the robbery and murder at the Brunswick Pharmacy. Thereafter, Drew pled guilty to two second-degree weapons offenses, and he agreed to provide testimony against defendant and Nyema.

In July 2011, defendant was charged, under Indictment 11-08-0833, with eight crimes in connection with the robbery of the 7-Eleven (the 7-Eleven case). Those charges included a charge of first-degree robbery, N.J.S.A. 2C:15-1.

Defendant and Nyema moved to suppress the physical evidence seized when their vehicle was stopped, and they were subsequently arrested. Defendant argued there was no articulable suspicion justifying the stop of the vehicle. Following an evidentiary hearing, the trial court granted the motion in part, suppressing evidence of the handgun, and denied the motion in part, ruling that

4

the clothing and money seized from the car and defendant's person were lawfully seized following a legal vehicle stop.

In February 2014, defendant was charged, under superseding Indictment 14-02-0232, with twelve crimes in connection with the attempted robbery of the Vizzoni's Pharmacy and the robbery and murder at the Brunswick Pharmacy (the Pharmacy case). Those charges included charges of first-degree murder, N.J.S.A. 2C:11-3; first-degree armed robbery, N.J.S.A. 2C:15-1; and first-degree felony murder.

In the Pharmacy case, the State moved, under N.J.R.E. 404(b), to introduce evidence of other crimes and bad acts. Specifically, the State sought to introduce video footage from the robberies at the 7-Eleven store and the Pennsylvania store to prove defendant's identity. The State also sought to introduce a letter defendant had allegedly written. The State contended that in the letter, defendant had made a threat against a witness and, therefore, the letter showed his consciousness of guilt.

Following an evidentiary hearing in the Pharmacy case, the trial court granted in part and denied in part the State's N.J.R.E. 404(b) motion. The court ruled that the surveillance video footage from the 7-Eleven could be used at the trial in the Pharmacy case. The State was also granted permission to use the

A-2045-22

letter to show consciousness of defendant's guilt. The trial court, however, denied the State's request to use evidence, including the video footage, of the robbery that took place at the Pennsylvania store.

The Pharmacy case was scheduled to be tried in late 2016. Just before trial began, on November 29, 2016, defendant entered a series of guilty pleas. Under Indictment 14-02-0232 in the Pharmacy case, defendant pled guilty to first-degree felony murder in connection with the murder and robbery at the Brunswick Pharmacy. Under Indictment 11-08-0833 in the 7-Eleven case, defendant pled guilty to first-degree robbery at the 7-Eleven store. Defendant also pled guilty to three separate violations of probation related to earlier convictions for other crimes.

Those pleas were negotiated in one plea agreement. In the plea agreement, defendant conditioned his guilty pleas on his right to appeal two pretrial rulings. In that regard, defendant reserved the right to appeal the N.J.R.E. 404(b) ruling in the Pharmacy case. Defendant also reserved the right to appeal the suppression ruling in the 7-Eleven case. Specifically, under section 4(e) of defendant's plea agreement, the following handwritten information was added under the question that called for the identification of any pretrial motion

defendant was reserving the right to appeal: "404 B Decision in 14-02-232; Motion To Suppress Physical Evidence in 11-08-033."

In the plea agreement, the State agreed to recommend that defendant be sentenced to thirty years, with thirty years of parole ineligibility on the felony murder conviction. The State also agreed to recommend that defendant be sentenced to twelve years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the robbery conviction, and that the robbery sentence be served concurrent to the felony murder sentence. Further, the State agreed to dismiss all the other charges in the Pharmacy case and the 7-Eleven case. Finally, the State agreed to allow defendant to withdraw his guilty pleas if any sentence imposed in connection with the Pennsylvania robbery was not run concurrent to the felony murder sentence.[1]

Defendant was thereafter sentenced in accordance with the plea agreement. Accordingly, under Indictment 14-02-0232, defendant was sentenced to thirty years in prison with thirty years of parole ineligibility. Under Indictment 11-08-0833, defendant was sentenced to twelve years in prison,

---

[1] Following defendant's guilty pleas in New Jersey, the charges in Pennsylvania were "rescinded" when the Bucks County District Attorney declined to prosecute defendant for the Pennsylvania robbery.

A-2045-22

subject to NERA. Both judgments of conviction were entered on the same day and stated that the sentences were to run concurrent to each other.

Defendant filed a direct appeal challenging both convictions in a single appeal. We affirmed both convictions, holding that the order on the motion to suppress in the 7-Eleven case was properly denied. State v. Myers, No. A-0185-17 (App. Div. Apr. 12, 2019) (slip op. at 13-19). We also affirmed the order regarding the State's 404(b) motion in the Pharmacy case. Id. at 23-24.

The Supreme Court thereafter granted certification limited to addressing the denial of defendant's suppression motion in the 7-Eleven case. See Nyema, 249 N.J. at 515-16. In that opinion, the Court also addressed the separate appeal brought by co-defendant Nyema, who had also challenged the ruling on the motion to suppress. Ibid. The Supreme Court ruled that the police officer who stopped the vehicle shortly after the 7-Eleven robbery lacked reasonable articulable suspicion to make the stop. Id. at 516. Accordingly, the Court reversed the suppression decision in the 7-Eleven case, vacated defendant's robbery conviction, and remanded the 7-Eleven case to the trial court "for further proceedings consistent with [the Court's] opinion." Id. at 535.

In making its rulings in Nyema, the Court noted that defendant had "also pled guilty to first-degree felony murder on an unrelated indictment." Id. at 520.

The Court did not make any rulings regarding defendant's felony murder conviction. Indeed, the Court had previously denied defendant's petition for certification to address defendant's full appeal, which would have included the challenge to the 404(b) motion in the Pharmacy case. State v. Myers, 240 N.J. 22 (2019) (denying defendant's petition for certification); see also State v. Myers, 245 N.J. 250 (2021) (limiting reconsideration of defendant's petition for certification to "the issue of whether the police officer had reasonable articulable suspicion to stop the car").

On February 25, 2022, following the Supreme Court's ruling in Nyema, the State dismissed all charges in the 7-Eleven case.

Several weeks later, in March 2022, defendant, representing himself, filed a motion to withdraw his guilty plea in the Pharmacy case. In support of that motion, defendant submitted a short, hand-written certification. Defendant was later assigned counsel, but counsel did not file any supplemental papers with the trial court.

The trial court heard oral argument on defendant's motion to withdraw the guilty plea on March 3, 2023. At that proceeding, defendant's counsel did make arguments on defendant's behalf. Defendant argued that he should be allowed to withdraw his guilty plea to felony murder because that plea was a "contingent

plea" which he could "take back" if his reserved motion was granted. He also contended that some of the evidence suppressed in the 7-Eleven case was part of the N.J.R.E. 404(b) evidence the State would have used in the Pharmacy case.

At the conclusion of the arguments on May 3, 2023, the trial court denied defendant's motion to withdraw his guilty plea to felony murder. The court explained its reasons on the record. That same day, the court entered a written order.

In its oral decision, the trial court reviewed defendant's pleas and the plea agreement. The trial court noted that although the pleas were contingent on the reserved right to appeal two pretrial motion decisions, nothing in the pleas or the plea agreement gave defendant the right to withdraw his felony murder conviction if the robbery conviction was overturned. In that regard, the trial court stated:

> So, the [c]ourt notes that clearly the parties contemplated retaining a lot of rights in terms of appeals, in terms of dealing with what was going on in Pennsylvania but there was never any discussion or preservation of any rights to do anything regarding the [felony murder] conviction if the robbery conviction ultimately got reversed. And clearly to appeal the motion to suppress is to retain the right to collaterally attack the robbery conviction and there was never any effort to retain any right to undo the [felony] murder conviction if the robbery conviction was somehow reversed. So I don't think that the nature and strength

10

of the defendant's reasons for withdrawal are persuasive.

The trial court also reviewed the motion to withdraw under the factors set forth in State v. Slater, 198 N.J. 145 (2009). The trial court found that none of the four Slater factors supported defendant's motion to withdraw his guilty plea.

Defendant now appeals from the March 3, 2023 order denying his motion to withdraw his guilty plea.[2]

II.

On this appeal, defendant makes one argument, which he articulates as follows:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW FROM HIS GUILTY PLEA BECAUSE HE WAS ENTITLED TO WITHDRAW UNDER THE CONDITIONAL PLEA RULE.

In making that argument, defendant contends that he entered global, conditional pleas, and he is entitled to withdraw the conditional plea to the felony murder under Rule 3:9-3(f). Defendant also submitted a supplemental pro se brief in

---

[2] Initially, defendant's appeal was heard and denied at a sentencing only calendar. Thereafter, however, we granted him reconsideration and put the matter on this plenary calendar.

which he made additional arguments concerning his right to withdraw his guilty plea under Rule 3:9-3(f).

Defendant's arguments are not supported by the record or the law. The plea agreement did not give defendant the right to withdraw his felony murder conviction if the 7-Eleven robbery conviction was subsequently overturned on appeal. Defendant also failed to demonstrate any of the factors that need to be established to withdraw a guilty plea after sentencing. See Slater, 198 N.J. at 157-58; R. 3:21-1.

A.      Rule 3:9-3(f).

Initially we note that before the trial court, defendant did not clearly articulate his arguments under Rule 3:9-3(f). As already pointed out, defendant initially represented himself and he did not file a brief in the trial court. Instead, he only supported his motion with a short, hand-written certification. Nevertheless, at oral argument before the trial court, defendant's counsel referred to the contingent nature of defendant's pleas. Therefore, we will consider defendant's arguments under Rule 3:9-3(f).

Rule 3:9-3(f) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any

specified pretrial motion. If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea. Nothing in this rule shall be construed as limiting the right of appeal provided for in [Rule] 3:5-7(d).

Defendant argues that his plea agreement was in essence a contract and he reserved his right to appeal the suppression decision in the 7-Eleven case and the N.J.R.E. 404(b) decision in the Pharmacy case. He then argues that because the suppression decision in the 7-Eleven case was reversed, he should be allowed to withdraw his plea to felony murder in the Pharmacy case.

The plea agreement does not support defendant's argument. While we agree with defendant that a plea agreement is in essence a contract, we disagree with defendant's reading of the plea agreement. Defendant did enter pleas in one global agreement. The right to appeal the suppression decision in the 7-Eleven case, however, was distinct from, and not related to, defendant's plea to felony murder in the Pharmacy case. A plain reading of the plea agreement compels this interpretation.

In listing the charges that defendant was pleading guilty to, the felony murder and armed robbery charges were listed separately and distinctly and clearly identified the separate indictments underlying those charges. Moreover, in section 4(e) of the plea agreement, the right to appeal certain pretrial motions

was listed separately and distinctly. In that regard, defendant reserved his right to appeal the N.J.R.E. 404(b) decision in the Pharmacy case. He separately reserved his right to appeal the suppression decision in the 7-Eleven case. Consequently, when the motion to suppress the physical evidence in the 7-Eleven case was reversed, defendant got exactly what he conditionally bargained for in the plea agreement: his plea to the robbery conviction was vacated.

There is nothing in the plea agreement that stated, or suggested, that defendant would have the right to withdraw his guilty plea regarding his felony murder conviction based on the reversal of a motion in the separate 7-Eleven case. See State v. Davila, 443 N.J. Super. 577, 586 (App. Div. 2016) (noting that reserving the right to appeal under Rule 3:9-3(f) requires a defendant to place on the record the "speci[fic] pretrial motion" that he or she intends to appeal). In short, defendant got what he bargained for in the plea agreement and he can make no claim of a violation of the plea agreement or a violation of Rule 3:9-3(f).

B.    The Slater Factors.

Motions to withdraw guilty pleas after sentencing are subject to the manifest injustice standard. R. 3:21-1. Courts evaluate four factors in assessing whether defendant has demonstrated a valid basis for withdrawing a guilty plea.

Slater, 198 N.J. at 157-58. Those factors are (1) whether defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to the defendant. Ibid. Here, defendant has not established a manifest injustice or made an adequate showing concerning any of the Slater factors.

Defendant has not asserted a colorable claim of innocence. In his certification, he baldly states that he is innocent, and that he "only accepted the plea because he could not get a fair trial." Those statements do not refute the testimony that he gave under oath when he pled guilty. In pleading guilty in 2016, defendant admitted that he had entered the Brunswick Pharmacy on April 29, 2011, armed with a handgun. He then admitted that he pulled out the gun, demanded that the victim give him Percocet, that during the course of the attempted robbery, the gun "went off," and the victim was shot and killed. Notably, defendant also admitted that he entered the pharmacy with the intent to commit armed robbery.

Defendant has also not set forth valid reasons for withdrawing his guilty plea. Defendant does not contend, on appeal, that the plea agreement was invalid. Furthermore, as already analyzed, nothing in that agreement gives

15

defendant the right to withdraw his guilty plea concerning the felony murder at the Brunswick Pharmacy. In short, the plea agreement made it clear that defendant's plea to felony murder at the Brunswick Pharmacy was separate and distinct from his plea to the robbery at the 7-Eleven.

Withdrawing defendant's plea to felony murder at this stage would result in unfair prejudice to the State. When defendant entered his guilty plea in 2016, the State was prepared to go to trial in the Pharmacy case. The record also demonstrates that the State had substantial evidence against defendant, including the agreement of his co-defendant Drew to testify against defendant. Given the passage of nine years, it is not clear that the State would still be able to marshal all the evidence that it had available in late 2016.

We also reject defendant's argument that the suppression of the evidence seized in the 7-Eleven case would have undermined the strong evidence in the Pharmacy case. The State could still have used the video footage from the 7-Eleven store to help prove defendant's identity. Moreover, the State could use the letter defendant had allegedly written to show his consciousness of guilt. In addition, and more critically, the State would have had the testimony of Drew concerning defendant's participation in the robbery and murder at the Brunswick Pharmacy.

In summary, defendant has no right to withdraw the guilty plea under <u>Rule</u> 3:9-3(f), <u>Rule</u> 3:21-1, or an analysis of the <u>Slater</u> factors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2045-22