# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4074-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PHILLIP W. WEISS, a/k/a
PHILLIP W. W. WEIST,

     Defendant-Appellant.

_____

Submitted June 4, 2025 – Decided July 28, 2025

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 21-03-0379.

Law Offices of Michael H. Schreiber, LLC, attorney for appellant (Michael H. Schreiber, on the briefs).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Phillip W. Weiss appeals the August 19, 2024 Law Division order denying his motion for bail pending appeal. Defendant pleaded guilty to third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). On June 17, 2024, the court sentenced defendant to four years' imprisonment. Defendant appealed that sentence on August 14, 2024, and filed a motion with the trial court for bail pending appeal. The trial court denied defendant's motion for bail on August 19, 2024; defendant now appeals from that order.

We heard defendant's sentencing appeal on January 8, 2025, and issued an order remanding the matter to the trial court "to provide a detailed statement of reasons for imposing the sentence under review, and to amend the judgment of conviction accordingly." State v. Weiss, No. A-3562-23 (App. Div. Jan. 8, 2025). We did not retain jurisdiction. Ibid. According to e-Courts, defendant was resentenced on June 3, 2025. Thus, we conclude defendant's appeal is moot and dismiss. See State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016) ("We consider an issue moot when 'the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006))).

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-4074-23