**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3174-23

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

COWAN RAINEY, a/k/a
SEAN NAUGHTON,
IAN FARRAR, and
IAN FERRARA,

    Defendant-Respondent.

_____

Argued October 21, 2025 – Decided February 20, 2026

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 22-06-0899.

Alexandra E. Harrigan, Assistant Prosecutor, argued the cause for appellant (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief; Alexandra E. Harrigan, on the brief).

Frank M. Gennaro, Designated Counsel, argued the cause for respondent (Jennifer N. Sellitti, Public Defender, attorney; Frank M. Gennaro, on the brief).

PER CURIAM

This appeal is calendared back-to-back with A-0628-23. In A-0628-23, defendant, Cowan Rainey, appeals from his unrelated 2023 conviction and sentence for second-degree robbery, N.J.S.A. 2C:15-1. This appeal, A-3174-23, arises from defendant being found guilty by a jury of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(13), and third-degree terroristic threats, N.J.S.A. 2C:12-3(a), charged in a two-count Monmouth County indictment. The charges stemmed from a domestic violence incident.

Following the jury verdict, the State moved for imposition of an extended term pursuant to the Persistent Offenders Accountability Act, N.J.S.A. 2C:43-7.1, known as the "Three Strikes" law. In seeking an extended term, the State relied on a 1995 second-degree robbery conviction as the first "strike," and the 2023 second-degree robbery conviction that is the subject of the appeal in A-0628-23 as the second "strike." The trial judge denied the motion and, on May 1, 2024, sentenced defendant to an eight-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the assault charge and a concurrent four-year term on the terroristic threats charge.

The State now appeals from the May 1, 2024 judgment of conviction, raising the following single point for our consideration:

THE TRIAL COURT ERRED IN DENYING THE STATE'S MOTION FOR EXTENDED TERM SENTENCING AND, THEREFORE, IMPOSED AN ILLEGAL, ORDINARY TERM SENTENCE.

Simultaneously with the filing of this opinion, we are filing our opinion in A-0628-23, reversing the 2023 second-degree robbery conviction underlying the second "strike." Accordingly, this appeal is rendered moot. "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." State v. Davila, 443 N.J. Super. 577, 592 (App. Div. 2016) (quoting De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (plurality opinion) (Pollock, J., concurring)). The State acknowledges that without defendant's 2023 robbery conviction serving as the second "strike," there would be no basis on which to impose an extended term under the Three Strikes law for the assault conviction.

Appeal dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

3

A-3174-23