**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1963-25

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAGGIE E. AHMED,

    Defendant-Appellant.

_____

        Argued June 2, 2026 – Decided June 23, 2026

        Before Judges Gilson and Perez Friscia.

        On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 25-10-1546.

        Emily K. Graham, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Emily K. Graham, of counsel and on the briefs).

        Josemiguel DeJesus Rodriguez, Assistant Prosecutor, argued the cause for respondent (Wayne Mello, Hudson County Prosecutor, attorney; Josemiguel DeJesus Rodriguez, of counsel and on the brief).

PER CURIAM

On leave granted, defendant Raggie E. Ahmed appeals from the January 8, 2026 trial court order denying his motion to dismiss the Hudson County Grand Jury indictment charging him with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1).

On October 7, 2025, a Hudson County Grand Jury indicted defendant on one count of second-degree aggravated assault. On December 16, 2025, defendant moved to dismiss the indictment, contending the State improperly charged the grand jury as to the elements of the aggravated assault offense. On January 8, 2025, after oral argument, the court issued an order accompanied by a written opinion, denying defendant's motion. The court found the State properly instructed the grand jury with "'some evidence' that a serious bodily injury occurred." This appeal followed.

In the State's merits brief, it represents that it has decided to dismiss the indictment and may re-present the matter to a grand jury. The State therefore argues that this matter should be dismissed as moot. Defendant requests that we nonetheless consider the matter.

"An issue is moot when the 'decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Int'l Bhd. of Elec.

2

Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 224 (App. Div. 2021) (quoting Redd v. Bownman, 223 N.J. 87, 104 (2015)). "[C]ourts of this state do not resolve issues that have become moot due to the passage of time or intervening events." State v. Davilla, 443 N.J. Super. 577, 584 (App. Div. 2016) (quoting City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999)). Moreover, courts "do not render advisory decisions, [because] '[o]rdinarily, our interest in preserving judicial resources dictates that we not attempt to resolve legal issues in the abstract.'" Id. at 584-85 (quoting Zirger v. Gen. Accident Ins. Co., 144 N.J. 327 330 (1996)).

As the State is dismissing the indictment and has represented its intent to expeditiously address re-presenting the matter, we conclude defendant's appeal is moot. This dismissal is without prejudice to defendant's right to challenge a new indictment if it is issued.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1963-25