**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3928-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

KASIB DECKER, a/k/a
KARON REED,

      Defendant-Appellant.

_____

Submitted September 22, 2020 – Decided September 29, 2020

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-06-0837.

Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle Watson, Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

After the trial court denied defendant's pre-trial motions covering a number of different issues, he pled guilty to two counts of second-degree unlawful possession of a weapon by a certain person not to possess weapons, N.J.S.A. 2C:39-7(b)(1). In accordance with the terms of the negotiated plea, the court sentenced defendant to two concurrent ten-year terms, with an aggregate five-year period of parole ineligibility. As part of the plea, the court dismissed the remaining twenty-one counts of the indictment that pertained to defendant, including a count charging him with being the leader of a firearms trafficking network, N.J.S.A. 2C:39-16, which defendant had unsuccessfully moved to dismiss prior to entering his guilty plea. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

BECAUSE THE STATE FAILED TO PUT FORTH ANY EVIDENCE BEFORE THE GRAND JURY THAT [DEFENDANT] HELD A HIGH-LEVEL POSITION IN THE CONSPIRACY THAT INVOLVED TWO OR MORE PERSONS, THE TRIAL COURT ERRED BY DENYING HIS MOTION TO DISMISS COUNT ONE OF THE INDICTMENT.

POINT II

DEFENDANT IS ENTITLED TO A REMAND FOR RESENTENCING BECAUSE DEFENSE COUNSEL TOLD THE COURT THAT HER CONTINUED REPRESENTATION WAS ILL-ADVISED WHERE

2

HE HAD ALLEGED INEFFECTIVE ASSISTANCE
OF COUNSEL AND BECAUSE DEFENDANT TOLD
THE COURT HE DID NOT WANT TO PROCEED
WITH SENTENCING.

Having reviewed these contentions in light of the record and the applicable law, we affirm.

I.

In Point I, defendant argues that the trial judge erred by denying his motion to dismiss count one of the indictment, which charged him with being the leader of a firearms trafficking network involving himself and two of his co-defendants, Jason Siek and Daquan Smith. In response, the State asserts that defendant's challenge to count one is moot because this charge was dismissed at the time of sentencing. We agree with the State for the reasons expressed in State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (holding that "if a pre-trial motion only affects a dismissed count, an appeal of that pre-trial motion presents a moot, non-justiciable question").

Rule 3:9-3(f) sets forth the requirements for entering a conditional guilty plea reserving the right to appeal an adverse determination "of any specified pretrial motion." The Rule requires both "the approval of the court" and "the consent of the prosecuting attorney." R. 3:9-3(f). However, even if Rule 3:9-3(f) is satisfied, the appeal must relate to a count to which the defendant pled

guilty in order to remain viable. Davila, 443 N.J. Super. at 587 ("Even if the record had been sufficient to preserve [the] defendant's right to appeal the pre-trial motion relating only to a dismissed count of the indictment, we hold that the issue is moot.").

Here, defendant pled guilty to two counts of the indictment charging him with certain persons weapons offenses. In return for his guilty plea, all of the remaining charges against him, including count one, were dismissed. Because defendant has already received all the relief he is seeking on this part of his appeal, that is, the dismissal of count one of the indictment, his challenge to the trial judge's denial of his earlier motion to dismiss that charge is obviously moot. Ibid. Therefore, we reject defendant's contention on this point.

However, even if we consider defendant's argument, we are satisfied that it is without merit. In examining the power of grand juries, our Supreme Court "has recognized the grand jury's independence and has expressed a reluctance to intervene in the indictment process." State v. Hogan, 144 N.J. 216, 228 (1996). Consequently, a trial court should disturb an indictment only "'on the clearest and plainest ground' . . . and only when the indictment is manifestly deficient or palpably defective." Id. at 228-29 (quoting State v. Perry, 124 N.J. 128 (1991)).

A trial judge's decision denying a defendant's motion to dismiss an indictment is reviewed for abuse of discretion. State v. Saavedra, 222 N.J. 39, 55 (2015) (citing Hogan, 144 N.J. at 229). Accordingly, the trial judge's "exercise of discretionary authority ordinarily will not be disturbed on appeal unless it has been clearly abused." Hogan, 144 N.J. at 229.

Defendant argues that the State did not present sufficient evidence to support count one, which charged him with being the leader of a firearms trafficking network. We disagree.

Unlike a formal trial, where the State's burden is to prove a defendant's guilt beyond a reasonable doubt, the State must only present the grand jury with "some evidence" as to each element of its prima facie case. State v. Morrison, 188 N.J. 2, 10 (2006). Indictments returned by a grand jury are presumed valid. State v. Francis, 191 N.J. 571, 587 (2007). Accordingly, in determining whether the evidence proffered in support of an indictment is sufficient, "the facts upon which the indictment is based must be viewed indulgently in favor of the State[,]" State v. Fleischman, 383 N.J. Super. 396, 398 (App. Div. 2006), aff'd, 189 N.J. 539 (2007), and "every reasonable inference is to be given to the State." State v. N.J. Trade Waste Ass'n, 96 N.J. 8, 27 (1984). The defendant challenging

A-3928-17T1

an indictment bears the burden of showing that the evidentiary support for the charge is "clearly lacking." State v. McCrary, 97 N.J. 132, 142 (1984).

In his written decision denying defendant's motion to dismiss count one of the indictment, the trial judge correctly concluded that defendant failed to meet this burden. In order to support count one charging defendant with violating N.J.S.A. 2C:39-16, the State had to present "some evidence" establishing:

> (1) That defendant conspired with two or more persons.
>
> (2) That the conspiracy included a scheme . . . to unlawfully . . . transport, ship, sell or dispose[] of any firearm.
>
> (3) That defendant was an organizer, supervisor, financier or manager in such a conspiracy.
>
> (4) That defendant occupied a high level position of superior authority or control over other persons in the scheme or organization and exercised that authority or control over others involved in the scheme or organization.[]
>
> (5) That defendant engaged in the conspiracy for profit.
>
> [Model Jury Charges (Criminal), "Leader of Firearms Trafficking Network (N.J.S.A. 2C:39-16)" (approved Dec. 8, 1997) (footnote omitted).]

Here, the judge found that the State presented sufficient evidence to the grand jury demonstrating that defendant "organized multiple sales of firearms" and was responsible for obtaining the firearms that he and Siek would sell to other individuals. In furtherance of this conspiracy, defendant reached out to Smith, his contact in North Carolina, to obtain an AR-15 that he and Siek planned to resell. In response to defendant's request, Smith delivered the weapon to New Jersey and was apprehended at the Delaware Memorial Bridge. As the judge found after reviewing the transcript of the grand jury proceedings, without the firearms defendant procured, "there would be no organization."

Because the State presented ample evidence to support count one of the indictment, the judge properly denied defendant's motion to dismiss this charge.

## II.

In Point II, defendant asserts that his attorney provided him with ineffective assistance at the time of sentencing. Defendant argues that shortly before his sentencing hearing, he sent a letter to the trial judge complaining about his attorney.[1] On the day of sentencing, the judge gave the letter to the attorney, who questioned whether she could continue to represent defendant in

---

[1] Defendant did not include a copy of this correspondence in his appellate appendix.

light of his claim that she was ineffectively representing him. However, defendant never asked for a different attorney and did not request an adjournment. Under these circumstances, the judge advised the attorney that she should continue to represent defendant.

To establish ineffective assistance of counsel, a defendant bears the burden of satisfying the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. Our Supreme Court has expressed a preference for resolving ineffective assistance of counsel claims, like those presented by defendant in this case, on collateral review. State v. Preciose, 129 N.J. 451, 459-60 (1992). Thus, "[c]ontentions of ineffective assistance of counsel are more effectively addressed through petitions for post-conviction relief, at which point an appropriate record may be developed." State v. Rambo, 401 N.J. Super. 506, 525 (App. Div. 2008) (citing Preciose, 129 N.J. at 460).

Because defendant's claims concerning his attorney's performance before and during the sentencing proceeding rest upon evidence outside the record, they are not ripe for direct review. Therefore, defendant's claim of ineffective

A-3928-17T1

assistance of counsel must abide the result of a properly filed petition for post-conviction of relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION