NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4852-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOE D. NICOLAS, a/k/a JOSE
D. NICOLAS, and DIMITRI
JOE NICOLAS,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

October 28, 2019

APPELLATE DIVISION

Submitted September 18, 2019 – Decided  October 28, 2019

Before Judges Whipple, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-09-1200.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender II, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; John J. Scaliti, Legal Assistant, on the brief).

The opinion of the court was delivered by

WHIPPLE, J.A.D.

Defendant Joe D. Nicolas pled guilty to third-degree possession of 100 grams of a controlled dangerous substance (CDS) called alpha-pyrrolidinopentiophenone (alpha-PVP), also known as "flakka," in violation of N.J.S.A. 2C:35-10(a)(1). He appeals from a March 23, 2018, judgment of conviction, arguing the trial court should have granted his motion to dismiss the indictment because the substance defendant possessed was not illegal under New Jersey law. We affirm.

We discern the following facts from the record. On April 23, 2015, narcotics officers arrested defendant after a successful undercover buy-bust operation in Fort Lee. Defendant was charged with second-degree possession of CDS (alpha-PVP), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(4), and third-degree possession of CDS (alpha-PVP), N.J.S.A. 2C:35-10(a)(1). Defendant appeared before the trial judge on a motion to dismiss the indictment, and argued alpha-PVP was not illegal to possess under New Jersey law. On May 25, 2017, the judge denied the motion with a written decision. On January 26, 2018, defendant entered a plea of guilty to the third-degree charge. On March 23, 2018, he was sentenced to a three-year term of probation, and the second-degree charge was dismissed. This appeal followed.

On appeal, defendant raises the following arguments:

POINT I

THE INDICTMENT SHOULD HAVE BEEN DISMISSED BECAUSE POSSESSION OF ALPHA-[PVP] WAS NOT CONTRARY TO LAW ON APRIL 23, 2015.

POINT II

THE CONVICTIONS SHOULD BE REVERSED, AND THE CHARGES DISMISSED, BECAUSE DEFENDANT WAS DENIED DUE PROCESS OF LAW BY A STATUTORY- AND ADMINISTRATIVE-LAW SCHEME SO VAGUE THAT PEOPLE OF ORDINARY INTELLIGENCE MUST GUESS AT ITS MEANING. (Not Raised Below).

We first address whether defendant waived his right to appeal from the May 25, 2017 denial of his motion to dismiss the indictment. Question 4(e) of defendant's plea form states defendant intended to enter a conditional plea, reserving his right to appeal "[the] [m]otion to [d]ismiss [and] [m]otion to [r]eveal [c]onfidential [i]nformant[.]" However, during the plea colloquy, the plea judge did not acknowledge defendant's reservations. Instead, the plea judge asked defendant whether he understood he was "giving up [his] right to file an appeal or any pretrial motion, with exception of a motion to suppress physical evidence, or enter a pretrial intervention program," to which defendant answered, "Yes." Later in the colloquy, defendant admitted alpha-PVP was a controlled dangerous substance in New Jersey.

On appeal, the State acknowledges defendant's plea was conditional and the parties failed to correct the plea judge. Ordinarily, a guilty plea conditioned on the reservation of the right to appeal must be approved by the plea judge and the reservation "must be placed 'on the record.'" State v. Davila, 443 N.J. Super. 577, 586 (App. Div. 2016) (quoting R. 3:9-3(f)). Here, the State concedes that denying defendant appellate review of his failed motion to dismiss the indictment would effectively thwart the "reasonable expectations" on which he pled guilty. State v. Bellamy, 178 N.J. 127, 134-35 (2003).

Fairness dictates we address defendant's Point I because he anticipated as much when he agreed to plead guilty. See Davila, 443 N.J. Super. at 586. "Notions of fairness apply to each side in the plea bargaining process." Bellamy, 178 N.J. at 134 (quoting State v. Warren, 115 N.J. 433, 443 (1989)). However, for the same reason, we decline to address defendant's Point II because the void-for-vagueness argument was neither reserved in defendant's guilty plea nor raised in his motion to dismiss the indictment.

A judge should dismiss an indictment "'only on the "clearest and plainest ground,"' and only when the indictment is manifestly deficient or palpably defective." State v. Hogan, 144 N.J. 216, 228-229 (1996) (quoting State v. Perry, 124 N.J. 128, 168 (1991)). "We will not disturb the denial of such a

motion 'unless [the judge's discretionary authority] has been clearly abused.'" State v. Saavedra, 433 N.J. Super. 501, 514 (App. Div. 2013) (alteration in original) (quoting State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994)). However, we review the trial court's legal conclusions de novo. State v. Nash, 212 N.J. 518, 540-41 (2013).

Adhering to this standard of review, we reject defendant's argument that alpha-PVP was not considered a Schedule I CDS at the time of his arrest. The New Jersey Controlled Dangerous Substances Act (CDSA) both affords and restricts the authority of the Director of Consumer Affairs in the Department of Law and Public Safety (Director) to schedule and control certain hazardous substances. On one hand, N.J.S.A. 24:21-3(a) permits the Director to control a substance after considering eight factors concerning the substance's potential for abuse, the scientific evidence and knowledge of the substance's effects, and the risk to public health. However, "[i]f any substance is designated, rescheduled or deleted as a controlled dangerous substance under federal law and notice thereof is given to the [D]irector, the [D]irector shall similarly control the substance . . . after the expiration of [thirty] days from the publication in the Federal Register[.]" N.J.S.A. 24:21-3(c). Should the Director "object" to the federal government's "inclusion, rescheduling, or deletion[,] . . . the director shall cause to be published in the New Jersey

Register and made public the reasons for his objection and shall afford all interested parties an opportunity to be heard."  Ibid.

In 2014, the Deputy Administrator of the Drug Enforcement Agency (DEA) temporarily placed alpha-PVP in Schedule I.  Schedules of Controlled Substances: Temporary Placement of 10 Synthetic Cathinones into Schedule I, 79 Fed. Reg. 12,938 (Mar. 7, 2014) (to be codified at 21 C.F.R. pt. 1308).  A substance's temporary designation lasts two years, and the DEA may, as it did in alpha-PVP's case, extend the temporary scheduling for up to one more year. 21 U.S.C. § 811(h)(2); Schedules of Controlled Substances: Extension of Temporary Placement of 10 Synthetic Cathinones in Schedule I of the Controlled Substances Act, 81 Fed. Reg. 11,429 (Mar. 4, 2016) (to be codified at 21 C.F.R. pt. 1308).  The Director declined to object to the DEA's designation of alpha-PVP in Schedule I.  Thus, at the time of defendant's 2015 arrest, alpha-PVP was a Schedule I drug under both federal and New Jersey law.

Defendant argues alpha-PVP's designation as such by the federal government does not necessarily mean the substance was in Schedule I under the CDSA.  Rather, defendant contends that once the federal government schedules a substance, N.J.S.A. 24:21-3(c) requires the Director to either update the list of controlled substances through publication in the New Jersey

Register or file an objection to the federal government's scheduling of the substance. Because the Director never formally recognized alpha-PVP as a controlled substance after the federal government did so, defendant argues his possession of alpha-PVP was not contrary to New Jersey law at the time of his arrest.

We disagree. When the federal government schedules a substance, N.J.S.A. 24:21-3(c) gives the Director thirty days to do one of two things: (1) control the substance consistent with the federal government's scheduling, or (2) file an objection in the New Jersey Register. Absent is a requirement that the Director give notice when he or she intends to control the substance as directed by federal law. Thus, if the Director fails to file an objection to the federal government's scheduling within thirty days, as was the case with alpha-PVP, the Director must control the substance consonant with federal law.

The regulations promulgated by the Director confirm that substances scheduled by the federal government automatically receive the same designation under the CDSA, unless the Director objects. N.J.A.C. 13:45H-1.7 provides:

> regulations promulgated pursuant to the United States Comprehensive Drug Abuse Prevention and Control Act of 1970, which designate, reschedule or delete a substance as a controlled substance under Federal Law, shall be deemed to be effective under [the CDSA] [thirty] days after their effective date of the

7

> Federal regulation, unless the Director, within that [thirty] day period, shall object to inclusion, rescheduling or deletion, which objection shall thereafter be published in the New Jersey Register.

And N.J.A.C. 13:45H-10.1(b) notes that "[a]ny reference in this chapter to controlled dangerous substance Schedules I, II, III, IV and V shall mean the Federal schedules promulgated at 21 C[.]F[.]R[.] [§§] 1308.11 through 1308.15 . . . unless the Director objects . . . in accordance with . . . N.J.S.A. 24:21-3 and N.J.A.C. 13:45H-1.7."  Therefore, alpha-PVP was automatically included in Schedule I because the Director did not object to the federal government's designation.

Defendant's reliance on Kadonsky v. Lee, 452 N.J. Super. 198 (App. Div. 2017) does not compel a different conclusion.  In that case, an inmate filed a petition with the Director seeking to have marijuana reclassified from Schedule I to Schedule IV in light of the New Jersey Compassionate Use Medical Marijuana Act.  Id. at 200.  The Director rejected the petition, claiming he had no authority to reschedule marijuana in a manner inconsistent with federal law.  Id. at 200-01.  We reversed the Director, explaining that N.J.S.A. 24:21-3 permits the Director to diverge from the federal schedule after weighing the factors in N.J.S.A. 24:21-3(a).  Id. at 208-09.  Although there appears to be tension between subsection (a), which affords the Director the authority to schedule substances, and subsection (c), requiring the Director

to control substances coextensively with federal law, the statute does not prohibit the Director from revisiting a classification and departing from the federal government's schedule. Id. at 209 ("[W]e conclude that the Director erred in determining he lacked the authority to reclassify marijuana without a change in existing federal law."). Therefore, while federal regulation provides a CDS scheduling baseline, N.J.S.A. 24:21-3 does not prohibit the Director from either objecting to a federal classification or rescheduling a substance.

Notably, the Kadonsky court did not suggest the Director must republish updated CDS schedules each and every time the federal government revises its own schedules. Rather, the Director need only provide notice when he or she "objects to [the federal government's] inclusion, rescheduling, or deletion" of a CDS and to "periodically" "update and republish the schedules" in N.J.S.A. 24:21-5 to -8.1. N.J.S.A. 24:21-3(c) & (d). In this case, the Director was not obligated to provide notice that alpha-PVP was added to Schedule I the moment it became a CDS. And, for that reason, the judge properly denied defendant's motion to dismiss the indictment.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-4852-17T1