**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0341-20

DSFC CHARLES ALLEN #5331,

     Petitioner-Appellant,

v.

OFFICE OF THE ATTORNEY
GENERAL, DEPARTMENT OF
LAW AND PUBLIC SAFETY,

     Respondent-Respondent.

_____

        Argued May 2, 2022 – Decided June 30, 2022

        Before Judges Fisher and Smith.

        On appeal from the New Jersey Department of Law and
        Public Safety.

        Charles P. Allen, Jr. argued the cause for appellant.

        Stephanie D. Trotter, Deputy Attorney General, argued
        the cause for respondent (Matthew J. Platkin, Acting
        Attorney General, attorney; Melissa H. Raksa,
        Assistant Attorney General, of counsel; Stephanie D.
        Trotter, on the brief).

PER CURIAM

Appellant Detective Sergeant First Class Charles T. Allen (Allen), a twenty-four-year veteran of the New Jersey State Police (NJSP), appeals the Attorney General's denial of a recommendation for his promotion to lieutenant. Allen, now retired, seeks a retroactive promotion to lieutenant effective June 19, 2020, the date of the recommendation letter. Among other things, he argues that the Attorney General had no statutory authority to deny his promotion under N.J.S.A. 53:1-5.2, but if we find the Attorney General did have such authority, it was exercised in an arbitrary and capricious manner. We affirm the denial of Allen's recommended promotion for the reasons set forth below.

Allen was employed as a state trooper with the NJSP from December 1995 through his retirement in January 2021. The NJSP Superintendent recommended him for promotion to lieutenant on June 19, 2020. On August 25, 2020, the Attorney General informed Allen via letter that his promotion was not approved. The denial letter read in pertinent part:

> Pursuant to my authority under N.J.S.A. 53:1-5.2, I did not approve your promotion. This denial is based on a review of your promotional package and disciplinary history, which includes two substantiated [Equal Employment Opportunity] matters and five substantiated misconduct investigations.

In the denial letter, the Attorney General detailed the separate substantiated charges against Allen, which resulted in a negotiated plea to resolve them. Allen received a ten-day suspension and two written reprimands as a part of the plea deal. On October 20, 2020, Allen appealed the denial, alleging the Attorney General did not have the statutory authority under N.J.S.A. 53:1-5.2 to reject the Superintendent's promotion recommendation. Alternatively, Allen argues that if we find the Attorney General has statutory authority to deny the promotion, the denial was arbitrary, capricious, and unreasonable. In addition to opposing Allen's arguments on the merits, the Attorney General argues that Allen's retirement on January 1, 2021 renders the appeal moot.

We first address the Attorney General's mootness argument. "An issue is considered 'moot when our decision . . . can have no practical effect on the existing controversy.'" Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (citations omitted). Mootness may occur because the controversy lacked "concreteness from the outset" or it may result "by reason of developments subsequent to the filing of suit . . . ." Ibid. (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)). We do not "resolve issues that have become moot due to the passage of time or intervening events." Ibid.

We find that the appeal before us is not moot. Allen was denied a promotion on August 25, 2020. He did not retire until January 1, 2021. The relief that he seeks is retroactive appointment to the position of lieutenant with corresponding back pay. He further seeks recalculation of his Police and Firemen's Retirement System (PFRS) pension benefit if he is successful. Our decision can have a "practical effect on the existing controversy." Ibid.

We turn to Allen's argument that the Attorney General did not have the statutory authority to deny his promotion. He contends that the Attorney General's authority to approve the Superintendent's actions is limited to budgetary matters under N.J.S.A. 53:1-5.2. The statute reads:

> Notwithstanding any other provision of law, the rank and grade of any member of the State Police may be changed from time to time, and the number of personnel increased, by the superintendent of State Police where such change or increase is necessary for the efficient operation of the Division of State Police in the Department of Law and Public Safety; provided, the action of the said superintendent in making any such change or increase, shall be approved by the head of said department. No such change or increase shall be made unless it can be effected within the limitations of the appropriations for the said division.
>
> [N.J.S.A. 53:1-5.2 (emphasis added).]

Allen relies upon the last sentence of the statute to make the argument that the Superintendent has the exclusive power to make promotions within the NJSP.

4                                                                 A-0341-20

We review matters of statutory interpretation de novo. Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017). Our ultimate "task in statutory interpretation is to determine and effectuate the Legislature's intent." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009). Courts "look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (quoting Bosland, 197 N.J. at 553). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). Thus, any analysis to determine legislative intent begins with the statute's plain language. Id. at 493.

Our reading of N.J.S.A. 53:1-5.2's plain language reveals clear direction from the Legislature that the Attorney General[1] "shall . . . approve[]" the actions of the Superintendent in changing "the rank and grade of any member of the State Police." The Superintendent's power to make personnel decisions are subject to two limiting factors in the statute: (1) the approval of the "head of

---

[1] The NJSP is a division within the Department of Law and Public Safety. N.J.S.A. 52:17B-6. The Attorney General is the head of the Department of Law and Public Safety. N.J.S.A. 52:17B-51.

[the] department," the Attorney General; and (2) personnel decisions must be "effected within the limit[s] of" the NJSP budget appropriations. We are not persuaded by Allen's argument and find N.J.S.A. 53:1-5.2 imposes no constraints on the Attorney General's authority to approve or deny the Superintendent's promotion recommendations. In fact, the statutory language show that the administrative and financial constraints enumerated in the statute are imposed on the Superintendent, not the Attorney General.

Allen next argues that the Attorney General was arbitrary and capricious in the denial of his promotion. He argues that the Attorney General: failed to consider Allen's "exemplary career"; mistakenly referenced another state trooper in its supporting documents; based the denial on "flawed" facts; and also based the denial on allegations which were "discredited and discarded." Allen also raises an allegation of age discrimination in his appeal.[2] "The person challenging an agency action has '[t]he burden of showing that an action was arbitrary, unreasonable[,] or capricious.'" In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (alteration in original) (citations omitted).

---

[2] We consider only the issue on appeal, whether the Attorney General's denial of Allen's promotion was arbitrary and capricious. Any separate cause of action for age discrimination that Allen alleges against the Attorney General or the NJSP is not before us. We make no comment on the merits or timeliness of such a claim.

The record shows that Allen was involved in five separate internal affairs investigations between 2012 and 2016, which led to seven substantiated charges against him, including: inappropriate actions – on duty; improper use of division computer; improper supervision; failure to notify the division of information (twice); inappropriate attitude and demeanor; inappropriate social media posting; and providing false information on any log, report, or transmittal. The record also shows that in 2013, the NJSP EEO office substantiated two separate allegations of sexual harassment against Allen. The allegations were consolidated into one case file and disciplinary action was taken against him.

The record further shows that some of the investigations which led to substantiated charges were merged, and some of those charges were dismissed as part of a negotiated plea agreement between Allen and the NJSP. Allen suggests that the facts contained in the record are "flawed," "discredited," or "discarded" because of these procedural issues, and that the Attorney General was arbitrary, capricious and unreasonable in relying on them. We disagree. Allen had a full and fair opportunity to contest any disputed facts during the NJSP internal investigative process, an administrative process within the NJSP that consumed four years, between 2012 and 2016. He was made aware of the charges against him and admitted to some of them. Allen ultimately resolved

A-0341-20

the remaining charges by reaching a global settlement, which resulted in discipline against him.

We note the detailed and confidential record reviewed by the Attorney General regarding Allen's disciplinary history reveals a wide range of concerning conduct, including but not limited to: substantiated sexual harassment charges; substantiated attempts to conceal his own improper actions; and substantiated attempts to conceal the improper actions of others under his command. Understanding that Allen seeks promotion to lieutenant, a position which requires the supervision of other state troopers, we cannot conclude on the record before us that the Attorney General's decision to deny Allen's promotion was arbitrary, capricious, or unreasonable. We observe that Allen has made various other arguments. Each of them lacks sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0341-20