**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1331-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY M. SANTORO,

     Defendant-Appellant.

_____

Submitted September 28, 2022 – Decided October 12, 2022

Before Judges Whipple, Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 18-10-0598.

Joseph E. Krakora, Public Defender, attorney for appellant (Margaret McLane, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Ashlea D. Newman, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Anthony Santoro appeals from a judgment of conviction entered October 31, 2019.  He raises the following issues on appeal.

POINT I

ALL OF DEFENDANT'S STATEMENTS AT THE SCENE OF HIS ARREST MUST BE SUPPRESSED BECAUSE THEY WERE THE PRODUCT OF CUSTODIAL INTERROGATION WITHOUT A VALID MIRANDA[1] WAIVER.

POINT II

THE COURT IMPROPERLY PUNISHED DEFENDANT FOR HIS DRUG ADDICTION, REQUIRING A REMAND AND RENDERING THE [EIGHTEEN]-YEAR NO EARLY RELEASE ACT[2] (NERA) SENTENCE EXCESSIVE.

We affirm.

On the evening of July 29, 2018, defendant Anthony Santoro and co-defendant Jamie McLean went to defendant's mother's house in Robbinsville.  Defendant and his mother argued.  He handcuffed her, put her in the back seat of a car, and drove away, but not before she pushed her "panic button" alerting the Robbinsville Police.  A vehicle chase ensued with State Police and other

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] N.J.S.A. 2C:43-7.2.

officers, on the highway and through several towns, resulting in defendants' arrests at an intersection in Trenton.

Defendant was charged with twelve counts: first-degree kidnapping, N.J.S.A. 2C:13-1(b); second-degree robbery, N.J.S.A. 2C:15-1; third-degree criminal restraint, N.J.S.A. 2C:13-2(a); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(12); third-degree aggravated assault (strangulation), N.J.S.A. 2C:12-1(b)(13); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); second-degree eluding, N.J.S.A. 2C:2-6; and first-degree conspiracy, N.J.S.A. 2C:5-2.

Alleging various Miranda violations, defendant moved to suppress four statements: things said to police at the scene of his arrest, statements made during transport to the police station, and his two formal statements at the police station. At the suppression hearing, seven witnesses testified for the State: State Troopers Matthew Bandurski, Paul Riccioli, Kartik Birudaraju, Derek Savoca, and Kyle Morley, as well as Robbinsville Police Officers Matthew Hill and Sergeant Adrian Markowski. Defendants did not testify, nor call any witnesses.

A-1331-19

The testimony and the video from the arrest informs our conclusion. When the car fled the house, Robbinsville police requested assistance. Bandurski spotted the reported vehicle near milepost 6.8 on I-195. Bandurski notified dispatch and tried to stop the car, but it turned into a pursuit, and the car started driving aggressively. Several troopers joined the pursuit. Bandurski and other officers followed the car back and forth between Hamilton and Trenton before the car eventually stopped at an intersection in Trenton.

Bandurski got out of his vehicle, with his weapon drawn, and activated his body-worn camera. Defendant exited his vehicle, immediately put his hands up, and walked to the middle of the intersection. All the while, he taunted the officers, stating, among obscenities: "we lost you all[.]" The officers ordered him to the ground.

While defendant was on the ground, Bandurski kneeled on defendant's lower back, Riccioli kneeled on defendant's neck, and a third officer stepped on defendant's lower leg. After defendant was handcuffed, officers rolled defendant onto his back and helped him stand up. When defendant stood up, his face was bleeding.

Savoca approached defendant's vehicle, which was stopped in the intersection. Defendant's mother was in the back seat with her hands

handcuffed. Morley opened the rear driver's side door, saw defendant's mother crying and looking disheveled, removed her from the car, and uncuffed her. Meanwhile, Savoca placed co-defendant McLean under arrest, read her <u>Miranda</u> rights, and placed her in the trooper car to be transported.

Riccioli escorted defendant to a trooper vehicle, further searched him, and in a rapid fashion told defendant his <u>Miranda</u> rights. Bandurski asked Riccioli if defendant had been "Mirandized", and Riccioli confirmed. Riccioli's recitation of the warnings took less than ten seconds. Riccioli never asked defendant if he understood or if he wanted to waive his rights. After reciting defendant's rights, Riccioli immediately asked: "Where [exactly] do you think you're going?" Defendant responded, "I smoked you."

The officers put defendant in Bandurski's patrol car and took him back to the station. Neither Bandurski's body-worn camera nor his mobile vehicle recorder were turned on, but Bandurski testified that during transport defendant "kept taunting" by "volunteer[ing]" information. The troopers did not believe defendant was under the influence of any intoxicants. Bandurski acknowledged that at one point defendant was slurring his words, but asserted that it was because defendant's face was on the pavement and that his speech upon standing up was not slurred.

A-1331-19

Trooper Kartik Birudaraju previously encountered defendant during a motor vehicle stop in 2016. During that encounter, Birudaraju used a State Police-issued card to read defendant the Miranda warnings, and defendant told the trooper that he had been read those rights before.

The court issued a decision on February 19, 2019, finding the State's witnesses credible. The court found defendant was in custody, searched for weapons, and Mirandized. It rejected any assertion defendant was under the influence. After reviewing testimony and videos of the scene, the trial court suppressed defendant's statement, "I smoked you," and the formal statements at the police station. The court considered the other statements at the arrest scene and during transit to be spontaneous taunting and not in response to any follow-up questions.

## I.

Defendant's appeal only addresses statements at the arrest, not the incriminating and spontaneous statements in transit.

Defendant has already pled guilty to kidnapping. The arguments he advances on appeal all pertain to the spontaneous statements he made during his arrest—what has been described as "taunting." These statements, such as "I smoked you," only serve to incriminate defendant on the eluding charge. The

6

eluding charge was dismissed by the State and does not form the basis of defendant's conviction. Therefore, the suppression of those statements is moot.

Suppression of all defendant's statements at the arrest scene would make no difference. The eluding charges were dropped and do not form the basis of defendant's conviction. The appeal must relate to a count to which the defendant pled guilty in order to remain viable. State v. Davila, 443 N.J. Super. 577, 587 (App. Div. 2016) ("Even if the record had been sufficient to preserve [the] defendant's right to appeal the pretrial motion relating only to a dismissed count of the indictment, we hold that the issue is moot.").

II.

Defendant pled guilty to first-degree kidnapping with the understanding that the State would recommend an eighteen-year term, subject to NERA. The court sentenced defendant on October 25, 2019, finding aggravating factors three, N.J.S.A. 2C:44-1(a)(3), six, N.J.S.A. 2C:44-1(a)(6), and nine, N.J.S.A. 2C:44-1(a)(9), and no mitigating factors. Thus, the aggravating factors outweighed the mitigating and the negotiated sentence was permitted pursuant to the statute, fair, and in the interests of justice.

Reviewing courts generally affirm the reasonableness of a sentence imposed pursuant to a plea bargain but can vacate such a sentence if it fails to

7

comply with sentencing standards.  See State v. Fuentes, 217 N.J. 57, 70-71 (2014).  When imposing a sentence, the sentencing judge "first must identify any relevant aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b) that apply to the case."  State v. Case, 220 N.J. 49, 64 (2014).  The trial court is then required to "determine which factors are supported by a preponderance of [the] evidence, balance the relevant factors, and explain how it arrives at the appropriate sentence."  State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Amer, 471 N.J. Super. 331, 356 (App. Div. 2022) (alteration in original).

In Amer, the sentencing judge found aggravating factors three, six, and nine, to which the court gave significant weight; found mitigating factor six, to which the court gave moderate weight; and, concluded that the aggravating factors substantially outweighed the mitigating factor.  471 N.J. Super. at 357-58.  We saw "no reason to second-guess the judge's aggravating and mitigating factors analysis, considering defendant's history of substance abuse and significant criminal record," which included twenty-five felony and three misdemeanor convictions.  Id. at 358.

Similarly, the panel here agrees the plea-bargained sentence is reasonable and has no reason to second-guess the aggravating and mitigating factors,

including how the court considered defendant's substance abuse. We have affirmed where a sentencing judge considered a defendant's substance abuse as an aggravating factor. See State v. Bieniek, 200 N.J. 601, 610-12 (2010) (affirming a sentencing court's decision to consider a DWI defendant's substance abuse as supporting aggravating factor three).

Defendant argues the court improperly considered his substance abuse history as an aggravating factor and rejected mitigating factor four because asserting his substance abuse detracted from his culpability. We reject his argument.

Overall, the court's application of defendant's substance use as an aggravating factor and rejection of it as a mitigating factor was not improper. The findings were both supported by substantial, credible evidence in the record, as detailed in the transcript. The sentence does not shock the judicial conscience, and we affirm the conviction and the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1331-19