**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0990-22

WELDON MATERIALS, INC.,
a Corporation of the State of New
Jersey,

     Plaintiff-Appellant,

v.

PLANNING BOARD OF THE
BOROUGH OF WATCHUNG and
BONNIE BURN REDEVELOPERS
URBAN RENEWAL, LLC,

     Defendants-Respondents.

_____

Argued March 12, 2024 – Decided March 20, 2024

Before Judges Enright, Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1567-21.

William B. Butler argued the cause for appellant (Butler & Butler, attorneys; William B. Butler, on the briefs).

Francis P. Linnus argued the cause for respondent Planning Board of the Borough of Watchung (Law

Office of Francis P. Linnus, attorneys; Francis P. Linnus and Steven H. Finkelstein, of counsel and on the brief).

Nicole Bianca Dory argued the cause for respondent Bonnie Burn Redevelopers Urban Renewal, LLC (Connell Foley, LLP, attorneys; Kevin J. Coakley, of counsel; Nicole Bianca Dory, of counsel and on the brief; Herschel P. Rose, on the brief).

PER CURIAM

Weldon Materials, Inc. (Weldon) appeals from an October 20, 2022 order dismissing its prerogative writs complaint with prejudice. Weldon also challenges an April 1, 2022 interlocutory order denying its motion to amend its complaint to address certain claims involving a conflict of interest. We dismiss the appeal as moot.

This appeal arises from the final site plan approval by respondent Planning Board of the Borough of Watchung (Planning Board) of an area of land known as the "Bonnie Burn Road Redevelopment Area" (Property). Weldon is a rock quarry located across from the Property on Bonnie Burn Road.

Prior to the Planning Board granting final site plan approval, the Borough of Watchung (Borough) enacted an ordinance detailing development of the Property in satisfaction of its affordable housing requirements (Redevelopment Plan). The Redevelopment Plan directed development of "an inclusionary multi-

family housing development" on the site, to consist "of a maximum" of 230 units, including 46 low- and moderate-income units. The Redevelopment Plan also set forth specific requirements for redeveloping the property, referred to by the parties as "Section K."

In pertinent part, Section K directed the proposed redeveloper to submit, as part of its redevelopment application, a "Traffic Impact Study" to address existing and proposed road networks, the capacity of the existing roadways, anticipated traffic volumes, the physical structure of the existing roadway, and any problem areas in the road network, including "unsafe intersections and vertical or horizontal alignments." Section K also stated that the Planning Board could condition its approval on outside agency approval for site entrance and exit and necessary off-tract improvements.

When hearings began in this matter in October 2019, Weldon asked the Planning Board to decline to review an application filed by BNE-Real Estate Group (BNE), the predecessor applicant to respondent Bonnie Burn Redevelopers Urban Renewal, LLC (BBUR), noting the application included a proposed traffic signal, which the parties agreed only the Union County Engineering Department (Union County) had jurisdiction to approve. Weldon argued that because BNE's application did not satisfy the requirements for

installation of the traffic signal, Union County would deny the traffic signal application, and thus, the Planning Board should postpone any hearing on the site plan application until after Union County issued its decision. Weldon also more generally opposed the proposed development, arguing it would increase traffic on Bonnie Burn Road.

The Planning Board elected to continue the hearing, concluding the traffic signal was only one facet of the application. BNE subsequently removed itself as the property developer and the Planning Board permitted BBUR to substitute as the applicant, incorporating all prior testimony and exhibits flowing from BNE's application. BBUR's application included a proposed traffic signal at the intersection of the development entrance and Bonnie Burn Road.

In October 2021, the Planning Board passed Resolution No. PB-21-R12, granting BBUR preliminary site plan approval. The resolution stated the Planning Board's finding that "the traffic issue will be resolved satisfactorily in the event Union County approves the traffic signal at the site entrance," and if Union County denied approval or changed the site plan, BBUR would have to "return to the Board with an alternate site plan to address traffic issues presented by the project." The resolution also included the following express condition:

> This approval is specifically conditioned upon Union County's approval of the traffic signal at the entrance to

the site and if the traffic signal is not approved by the County or if the County requires other site plan changes[, BBUR] shall return to the Board with a new site plan depicting all alternate traffic controls to be reviewed by the Board. This condition shall carry over to be a condition of final approval and need not be satisfied for the Board to consider plans for final site plan approval.

In December 2021, the Planning Board granted final site plan approval, which was adopted by way of Resolution PB-22-R5 on January 18, 2022. The resolution noted that work could not commence "prior to compliance" with the terms and conditions of both the preliminary and final site plan approval.

In December 2021, Weldon filed a complaint in lieu of prerogative writs in the Law Division. It subsequently amended its complaint to include a challenge to the Planning Board's January 18, 2022 resolution. Counts one and two of the amended complaint alleged the Planning Board's resolutions were arbitrary, capricious, and unreasonable and the proposed development "w[ould] have [a] significant negative impact to the existing traffic on Bonnie Burn Road," violating "Section K" of the Redevelopment Plan. Count three alleged Weldon's complaint divested the Planning Board of jurisdiction to issue final site plan approval.

In March 2022, Weldon moved to amend its complaint to add two additional counts, alleging a conflict of interest against the Planning Board's

5

engineering consultant, the mayor, and one council member. As already noted, on April 1, 2022, the trial court entered an order, denying Weldon's motion to amend the complaint to include the conflict-of-interest claims. Twelve days later, Union County approved BBUR's traffic signal application.

On October 20, 2022, the trial court entered an amended order dismissing Weldon's complaint with prejudice. In a comprehensive, forty-six-page opinion accompanying the order, the judge found, in part, "Weldon's claim that [BBUR's a]pplication failed to comply with [Section] K of the Redevelopment Plan is belied by the record as well as the plain language of [Section] K." Further, the judge stated, "it cannot be disputed that [BBUR] submitted a Traffic Engineering Evaluation that contained all of the analyses required by [Section] K." The judge also concluded the Planning Board had "no obligation to consider off-site [traffic] concerns since planning boards lack the authority to consider such effects." Finally, the judge stated he "strongly disapprove[d] of gamesmanship" and "[i]t [wa]s clear . . . [Weldon] only filed [its c]omplaint in a transparent attempt to stay the Board's vote for final site plan approval for [BBUR's a]pplication." Less than two months later, Weldon filed this appeal.

Pursuant to N.J.S.A. 39:4-8 and N.J.S.A. 39:4-120.7, the New Jersey Department of Transportation (NJDOT) reviewed Union County's approval of

BBUR's traffic signal application, and on June 15, 2023, it reversed Union County's approval, finding BBUR's traffic signal application did not satisfy various conditions for approval. Therefore, the NJDOT's decision defeated the condition precedent to the Planning Board's approval of BBUR's redevelopment application.[1]

In July 2023, BBUR moved to supplement the appellate record to include the NJDOT decision. We granted the motion. BBUR also notified us that, as a result of the determination by the NJDOT, BBUR would return to the Planning Board with alternative traffic control measures and seek approval of an amended application. In August 2023, Weldon moved to voluntarily dismiss as moot its conflict-of-interest claim against the former Borough engineering consultant. Weldon declined to withdraw the balance of its appeal because it had not received BBUR's amended site plan and the Planning Board had not commenced its hearings on BBUR's amended application. We granted Weldon's motion to dismiss on September 8, 2023.

On appeal, Weldon renews its argument that BBUR's application failed to satisfy the traffic requirements of the Redevelopment Plan, rendering the

---

[1] The NJDOT separately concluded that contrary to the parties' understanding, Somerset County, not Union County, had jurisdiction over Bonnie Burn Road.

preliminary and final site plan approvals—and the trial court's affirmance of the same—arbitrary, capricious, and unreasonable. Weldon also argues the trial court erred in denying its motion to amend its complaint to include its conflict-of-interest claims. We need not consider these arguments on the merits because the NJDOT's decision renders Weldon's appeal moot.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket, LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). "[C]ourts normally will not entertain cases when a controversy no longer exists and the disputed issues have become moot." Int'l Bhd. of Elec. Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 224 (App. Div. 2021) (quoting De Vesa v. Dorsey, 134 N.J. 420, 428 (1993)). Further, our courts generally "do not resolve issues that have become moot due to the passage of time or intervening events." Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)). "An issue is 'moot when [the] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting

Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

Here, the Planning Board conditioned its preliminary and final site plan approvals on Union County's approval of the traffic signal referenced in BBUR's application. Moreover, this condition was expressly reflected in Resolution No. PB-21-R12. Further, the parties acknowledged that if Union County denied the traffic light application, BBUR would have to return to the Planning Board with proposed alternative traffic control measures. Although Union County subsequently approved the traffic signal, the NJDOT reversed that decision. Thus, the NJDOT's reversal of Union County's approval nullified the Planning Board's actions, rendering Weldon's appeal moot. Given our determination, it is unnecessary to address Weldon's remaining arguments.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0990-22