**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1806-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN M. COLVELL,

    Defendant-Appellant.

_____

Submitted September 16, 2025 – Decided September 26, 2025

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2022-02.

Kevin M. Colvell, appellant pro se.

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (Juda Babuschak Opacki, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin M. Colvell appeals pro se from a portion of a November 27, 2023 Law Division order rendering moot "the remaining issues" raised in his municipal appeal. Those issues included: the legality of the complaint warrants; "whether attaching conditions to a dismissal without prejudice [wa]s lawful"; "the prosecution's failure to produce the requested discovery"; "the municipal court order does not reflect the transcript record"; "violations of constitutional and other rights"; "judicial inefficiency"; and "ineffective assistance of counsel." Not surprisingly, defendant does not challenge the portion of the same order dismissing with prejudice two complaint-warrants and expunging the underlying charges against him.

In his merits brief, defendant now raises the following points for our consideration:

> I. DEFENDANT HAS THE RIGHT TO REQUEST REVIEW OF PART OF A FINAL SUPERIOR COURT DECISION.
> (Not Raised Below)
>
> II. APPELLATE STANDARD OF REVIEW FOR THE 11/27/2023 LAW DIVISION DECISION.
> (Not Raised Below)
>
> III. THE NEW JERSEY COURTS FAILED TO FOLLOW THEIR GUIDE OF THE JUDICIAL PROCESS, DURING DEFENDANT'S CASE MATTER.
> ([Partially Raised Below])

2

IV.   THE LAW DIVISION ERRED BY NOT SPECIFICALLY ANSWERING THE APPELLATE REMAND ORDER, AS A LEGAL ISSUE.

V.   THE LAW DIVISION MADE ALL MATTERS "MOOT" REGARDING THE 12/07/2022 [HIGHTSTOWN MUNICIPAL COURT] TRANSCRIPT LEAVING DISCREPANCIES UNADDRESSED.

VI.   THE LAW DIVISION 11/27/2023 ORAL DECISION WAS NOT LEGALLY CORRECT, INJUSTICE TO DEFENDANT AND LATER CONTRADICTED BY THE AMPLIFICATION.

VII.   THE LAW DIVISION AMPLIFICATION PROVIDED NEW LEGAL AND PROCEDURAL INFORMATION AND CONTRADICTS THE PREVIOUS ORAL DECISION RENDERED ON 11/27/23.

VIII.   WHEN THE LAW DIVISION ERRED IN ITS DECISION DEFENDANT WAS DENIED FUNDAMENTAL FAIRNESS RIGHTS.

On reply, defendant raises the following additional points:

I.   THE STATE'S APPELLATE BRIEF AND COVER CONTAIN FALSE INFORMATION THAT MISLEADS THE APPELLATE DIVISION.

II.   THE STATE'[S] COUNTERSTATEMENT OF FACTS LEADS TO ILLEGAL CONCLUSIONS.

III.   [DEFENDANT] SUFFERED MANIFEST INJUSTICE AND THE APPELLATE DIVISION MUST DECIDE THE LAWFULNESS.

IV.   THE STATE CANNOT CLAIM MOOTNESS FOR LEGAL ISSUES THAT WERE UNADDRESSED.

V. THE PROSECUTOR'S FAILURE TO ABIDE BY THE RULES OF PROFESSIONAL CONDUCT HAVE ADVERSELY AFFECTED THIS CASE AND ITS TIMELY RESOLUTION.
[(Not Raised Below)]

Because we agree the November 27, 2023 Law Division order dismissing the municipal complaint warrants with prejudice rendered moot defendant's remaining issues, we affirm.

I.

The facts underlying defendant's criminal charges are not pertinent to this appeal.  We summarize instead the protracted procedural history from the record before the Law Division.  See State v. Palma, 219 N.J. 584, 591-92 (2014) (recognizing "appellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court'" (quoting State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001))).

In May 2019, defendant was charged by complaint-warrant with fourth-degree stalking, N.J.S.A. 2C:12-10(b), and harassment, N.J.S.A. 2C:33-4(a), a petty disorderly persons offense, for conduct alleged by his Hightstown neighbor.  In October 2019, defendant was charged in a second complaint-

warrant with fourth-degree contempt, N.J.S.A. 2C:29-9(a)(1), and harassment for allegedly contacting the same neighbor.

In January 2020, defendant was charged in two separate Mercer County indictments with stalking and contempt charges emanating from the underlying complaint-warrants. In November 2021, a Law Division judge granted the State's motion to dismiss the offenses charged in the indictments and remanded to the Hightstown Municipal Court the petty disorderly harassment offenses charged in the complaint-warrants.

In December 2021, defendant pled not guilty to the harassment charges before the municipal court and thereafter was assigned counsel. The following year, on December 7, 2022, the municipal court held a hearing during which defendant appeared telephonically with assigned counsel.[1]

At the start of the hearing, defense counsel advised the court that the State agreed to dismiss the harassment charges without prejudice and relist the matter in one year. On the relisted date, the charges would be dismissed with prejudice and defendant could apply for expungement of the charges, provided defendant:

---

[1] Defense counsel entered his appearance, but it is unclear from the record whether he appeared telephonically. The prosecutor did not enter an appearance on behalf of the State; it is unclear from the record whether a prosecutor appeared at the hearing.

A-1806-23

(1) refrained from contact with the alleged victim; and (2) did not incur new charges. Defendant acknowledged the terms of the disposition and confirmed he "d[id]n't object to the resolution."

However, when asked whether he understood the disposition, defendant stated, "this is not supposed to be a plea bargain, so I don't understand why there's [sic] restrictions placed on me." The following exchange ensued:

> [DEFENSE COUNSEL]: You can't contact the alleged victim, and you can't commit any new offenses, which you have no criminal record, so that's not a problem, and then the case will become dismissed with prejudice in a year.
>
> There are no conditions. You don't have to do any -- you don't have to report to Probation or anything, there's no plea agreement. It's going to get dismissed, it's just going to be in a year.
>
> [DEFENDANT]: Okay.
>
> [DEFENSE COUNSEL]: And it's actually getting dismissed today. It's going to become permanent in one year.
>
> [DEFENDANT]: Okay.
>
> [DEFENSE COUNSEL]: And the only way it can get reopened is if you contact the alleged victim, or you commit a new offense, but again you've had no problems for two years [since the alleged incident dates], so it's going to be fine for that year, all right?
>
> THE COURT: Do you understand, sir?

6

[DEFENDANT]:  Uh, I do.

THE COURT:  And do you accept these terms?

[DEFENDANT]:  Uh, yes.

That same day the municipal court issued a memorializing order.

Defendant thereafter appealed to the Law Division.  On January 4, 2023, the trial court issued an order dismissing defendant's appeal as moot.  In the order, the trial court referenced the December 7, 2022 municipal court dismissal without prejudice.

We denied defendant's ensuing pro se motion for leave to appeal.  State v. Colvell, No. AM-0262-22 (App. Div. Mar. 10, 2023) (slip op. at 1).  Citing Rule 3:23-1, we noted defendant "must first seek review by appealing to the Law Division."  Ibid.

Defendant moved for reconsideration.  Pertinent to this appeal, we denied his motion for leave to appeal from the Law Division's January 4, 2023 order without prejudice.  State v. Colvell, No. AM-0262-22 (App. Div. Apr. 12, 2023).  We explained:

> The procedural posture of this motion for leave to appeal is far from clear.  The notice of motion for leave to appeal d[id] not identify the order from which leave to appeal [wa]s sought, but the supporting brief identifie[d] a municipal court order entered December 7, 2022.  The motion for reconsideration, for the first

7

time, addresses the entry of the Law Division order. The motion for leave to appeal to the Appellate Division should have been taken from the Law Division's order of January 4, 2023. The matter is remanded to the Law Division to reconsider its dismissal order, specifically whether attaching conditions to a dismissal without prejudice is lawful . . . .

[Ibid.]

On remand, the trial court held oral argument. Self-represented at the November 27, 2023 hearing, defendant sought dismissal of his charges with prejudice but contended "the dismissal must be for the right reasons and not some concocted reason by the prosecutor." Noting defendant would be eligible for dismissal of the charges in ten days, on December 7, 2023, the prosecutor did not oppose the dismissal with prejudice because defendant "earned it." Citing the December 7, 2022 colloquy among defendant, his attorney, and the municipal court, the prosecutor asserted defendant agreed to the dismissal without prejudice and conditions and, as such, "there [wa]s no violation of fundamental fairness."

Immediately following argument, the trial court issued an oral decision, granting defendant's application, dismissing the complaints with prejudice, and ordering expungement of the charges under N.J.S.A. 2C:52-6. Accordingly, the

court found defendant's remaining issues were rendered moot. At the conclusion of the hearing, the court issued a memorializing order. This appeal followed.

The trial court thereafter filed an amplification of its November 27, 2024 oral decision. See R. 2:5-1(d). In its decision, the court expressly concluded "there was no basis in fact or law for the [municipal court] judge to impose conditions on the dismissal."

## II.

Well-settled principles guide our review. On appeal from a municipal court, the Law Division's review is "de novo on the record below." R. 3:23-8(a)(2). On a subsequent appeal from the Law Division to this court, our review is limited to determining only whether the findings made by the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "However, where issues on appeal turn on purely legal determinations, our review is plenary." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016).

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450

N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). An issue is considered "moot when 'the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58, (App. Div. 2006)). "When a party's rights lack concreteness from the outset or lose it by reason of developments subsequent to the filing of suit, the perceived need to test the validity of the underlying claim of right in anticipation of future situations is, by itself, no reason to continue the process." Ibid. (quoting JUA Funding Corp. v. CNA Ins./Cont'l Cas. Co., 322 N.J. Super. 282, 288 (App. Div. 1999)). Occasionally, however, "courts will consider the merits of an issue notwithstanding its mootness where significant issues of public import appear." Davila, 443 N.J. Super. at 589.

We have considered defendant's contentions in view of these governing legal principles and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in the trial court's amplification statement. We add only, defendant raises no issue of public importance requiring us to address an issue that can have no practical effect. Further, to the extent defendant raises issues on reply that were

10

not addressed in his initial merits brief, those issues are deemed waived.  <u>See</u> <u>L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc.</u>, 434 N.J. Super. 60, 87 (App. Div. 2014); <u>see also</u> <u>State v. Smith</u>, 55 N.J. 476, 488, (1970).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1806-23